## Estey Manufacturing Co. v. Carlton K. Runnels.

*Abandonment of assignment of error—Estoppel from denying corporate character.*

1. An assignment of error is supposed to be abandoned if not argued or otherwise insisted upon in the Supreme Court.

2. The corporate existence of a party assuming to be a corporation cannot be denied by one who has dealt with it as such under its corporate name, unless there are circumstances that would make it unjust to enforce such estoppel; and in a collateral proceeding upon a judg-

ment recovered by the corporation against the person so dealing with it and based upon such dealings, the estoppel rests not only on the dealings but on the judgment.

Error to Shiawassee. (Newton, J.)    Oct. 10.—Oct. 15.

PROCEEDINGS to recover possession of land. Defendant brings error. Affirmed.

*Hugh McCurdy* for appellant.

*S. F. Smith* and *G. R. Lyon* for appellee. One who deals with a corporation as such and becomes indebted thereto is estopped from questioning its existence: *Bank v. Stone* 38 Mich. 779; *Doyle v. Mizner* 42 Mich. 332; *Water Co. v. DeKay* 36 N. J. Eq. 559; *Jones v. Kokomo Building Ass'n* 77 Ind. 340.

CHAMPLIN, J. This action was commenced before a circuit court commissioner to recover the possession of certain land described in the complaint, and averring that the defendant holds the same unlawfully and against the rights of the Estey Manufacturing Company. December 3, 1883, was the return-day, when the defendant appeared and pleaded not guilty. The cause was then tried and judgment rendered in favor of the plaintiff; and on the 8th day of December, 1883, the defendant appealed the suit to the circuit court for the county of Shiawassee. The cause was tried in the circuit, April 3, 1884, when the plaintiff again had a verdict, whereupon the defendant brings the suit to this Court by writ of error.

On the trial in the circuit court the plaintiff offered in evidence a sheriff's certificate of sale of real estate, made by virtue of an execution issued upon a judgment rendered in the circuit court for the county of Shiawassee, in favor of plaintiff and against the defendant above named and one Craig, and also the sheriff's deed issued upon the certificate, to the introduction of which the defendant objected for the reasons that the grantee named in the instruments is a corporation and cannot hold real estate, by its articles of incorporation or under the laws of this State and because the deed

had not been recorded. The court very properly overruled the objections. Both the law and the articles of association of plaintiff authorized it to purchase and hold real estate; and there is nothing in the record showing that the purchase in this case was unauthorized. After proving that defendant was in possession of the premises described in the complaint and demand thereof and defendant's refusal to surrender, the plaintiff rested its case.

The defendant introduced in evidence the execution under which the sale was made, which showed the recovery of a judgment in the circuit court for the county of Shiawassee in favor of the Estey Manufacturing Company against the said Carlton K. Runnels and one Robert Craig for damages it had sustained on the occasion of the non-performance of certain promises and undertakings of the defendants, to which execution was annexed the sheriff's return of sale. Defendant also introduced and read in evidence a duly certified copy of the articles of association of the plaintiff corporation, from which it appeared that there were but three corporators, two of whom resided in Michigan and one in Vermont. The acknowledgment of Jacob J. Estey was taken before a person styling himself a notary public, but his official character and authority to take acknowledgments was not authenticated in accordance with the requirements of our statutes. The defendant's counsel requested the court to charge the jury as follows:

"*First.* The plaintiff in this suit is not entitled to recover, for the reason that it is a corporation not authorized under the law to hold and convey any real estate, except such as may be necessary to carry on their immediate business.

*Second.* That the certificate of sale and the deed introduced in evidence in this case are void, for the reason that the premises in question were never levied upon by the sheriff in the suit of the Estey Manufacturing Company against Carlton K. Runnels and Robert Craig, being the suit upon which said deed and certificate purport to be based.

*Third.* That the Estey Manufacturing Company is not organized under the laws of this State, consequently it cannot hold real estate nor transact any business therein.

*Fourth.* That the articles of association filed in said cause and read therein are void under the law."

All of which were refused.

The first request was properly refused, for reasons above stated to the objections to the introduction of the deed.

The assignment of error based upon the second request was not argued by counsel in this Court, and may be considered abandoned. There was no error in refusing to give the second request.

The third and fourth requests refer to the same point, and may be considered together. Where a body assumes to be a corporation and acts under a particular name, a third party dealing with it under such assumed name is estopped to deny its corporate existence. Such is the general rule, founded upon equitable principles, and if any exceptions exist, it is only where "there are no facts which make it legally unjust to forbid its denial." *Doyle v. Mizner* 42 Mich. 337. In this case the defendant introduced in evidence the execution upon which sale was made. From this it appears that it was issued upon a judgment rendered for damages for the non-performance of certain promises and undertakings made by this defendant to the Estey Manufacturing Company, which shows that the defendant had had dealings with the plaintiff as a corporation in the name assumed by it. He was therefore estopped not only by having dealt with it as a corporation, but by the judgment in the case, to deny its corporate existence. The execution, sale and sheriff's deeds all result from the contract relation voluntarily entered into between the defendant and this corporate body, and it would be manifestly unjust and inequitable to permit the defendant to question the legal corporate existence of the plaintiff in this collateral proceeding.

For these reasons the requests were properly refused, and

The judgment is affirmed.

The other Justices concurred.