### LOVE *v.* RAMSEY.

1. ASSUMPSIT—GOODS SOLD—PLEADING—ISSUES.
   In assumpsit on the common counts for goods sold, where plaintiff's proofs show that the goods were sold to defendant individually, and defendant claims that he ordered the goods for a corporation, as its manager, the question for determination is whether the contract was with defendant individually or as representative of the corporation, and the question whether defendant is liable as a stockholder, because of informal organization of the corporation, is not involved.

2. CORPORATIONS—DEFECTIVE ORGANIZATION—LIABILITY OF STOCK-HOLDERS.
   One who deals with a corporation, charged with knowledge

that it is not in fact a de jure corporation, is estopped to deny its legality, and cannot hold its manager liable individually or its stockholders liable as partners.

3. SALE — ACTION FOR PRICE — PARTIES TO CONTRACT — EVIDENCE OF ACCOUNT.

In an action for the price of goods sold, where defendant claimed they were sold to a corporation of which he was manager, plaintiff's books of account, showing that the goods were charged to the defendant individually, with evidence that defendant knew they were so charged and made no objection, are admissible.

4. ACCOUNT STATED—WHAT CONSTITUTES.

Where the debtor objected, when the account was rendered, that the account should be charged to a corporation of which he was manager, instead of to him individually, the creditor cannot claim an account stated on the ground that the debtor did not object to the amount.

Error to Ionia; Davis, J.   Submitted January 4, 1905. (Docket No. 5. )   Decided February 4, 1905.

Assumpsit by William Love against William J. Ramsey for goods sold and delivered.   There was judgment for plaintiff on a verdict directed by the court, and defendant brings error.   Reversed.

Plaintiff sued defendant in justice's court to recover for a small bill of lumber claimed to have been sold by him to defendant.   The declaration is on the common counts. A bill of particulars was furnished, setting forth the amount and price of the lumber.   The theory of the declaration and bill of particulars and the evidence adduced on behalf of the plaintiff is that the sale was made to the defendant personally, and that the contract was made with him.   The defendant claims that he was the agent of the Sunfield Manufacturing Company, and that as the secretary and manager of that company he ordered the goods.   Upon the trial the articles of the Sunfield Manufacturing Company were produced.   Its capital stock was $10,000, with 1,000 shares of the par value of

$10 each. When organized only 350 shares were sub-
scribed. Some time afterward 150 additional shares were
subscribed. The court directed a verdict for the plaintiff
upon the ground that the corporation was not legally or-
ganized, and that, therefore, the defendant, as a stock-
holder and manager, made himself liable for the goods.

*A. A. Ellis*, for appellant.

*R. A. & W. E. Hawley*, for appellee.

GRANT, J. (*after stating the facts*). 1..The declara-
tion is not based upon the theory that the credit was given
to the corporation, and that in consequence of its illegal
character the defendant is liable. Neither is any such
theory suggested in the testimony of the plaintiff or
his clerk, the sole witnesses to establish the sale. Both
testified that the goods were ordered by Ramsey in his
own name, and that they knew nothing about the Sunfield
Manufacturing Company, or the defendant's connection
with it, until some time after the sale. In the cases cited
by the plaintiff (21 Am. & Eng. Enc. Law [2d Ed.], pp.
879, 880; *Bigelow* v. *Gregory*, 73 Ill. 197; *Hurt* v.
*Salisbury*, 55 Mo. 310; *Kaiser* v. *Savings Bank*, 56
Iowa, 108; *Loverin* v. *McLaughlin*, 161 Ill. 417; *Trust
Co.* v. *Floyd*, 47 Ohio St. 525 [12 L. R. A. 346]; *Kruse*
v. *Humpert*, 21 Ky. Law Rep. 985; *Cincinnati Cooper-
age Co.* v. *Bate*, 96 Ky. 356; *Walton* v. *Oliver*, 49 Kan.
107) the declarations set forth the special ground of
liability against the directors or stockholders. No aver-
ment of liability because the corporation was not legally
organized is even suggested in the declaration now before
us.

Whether, under the proper form of action and a proper
declaration, the defendant is liable, it is not necessary to
determine. It is sufficient to say that under the declara-
tion and proofs the sole question was whether the contract
was between the plaintiff and defendant. Under the de-
cisions of this court the members of a corporation are not

139 MICH.—4.

liable where it is a corporation de facto, though not de jure, and the plaintiff has dealt with it as a corporation. Before the goods in this case were sold, articles of incorporation had been duly filed in the proper offices, and the company held itself out as a legally organized corporation, and did business as such. It was in the power of the creditors dealing with it to examine these articles and ascertain the character of its organization. All are presumed to know the law, and when one deals with a corporation knowing that it is not in fact a de jure corporation, he as well as the corporation is estopped to deny its legality, and cannot hold its manager liable individually or its stockholders liable as partners. *Merchants', etc., Bank* v. *Stone*, 38 Mich. 779; *Calkins* v. *Bump*, 120 Mich. 335; *Eaton* v. *Walker*, 76 Mich. 579 (6 L. R. A. 102); *Durgin* v. *Smith*, 133 Mich. 331; *Gartside Coal Co.* v. *Maxwell*, 22 Fed. 197; *Gow* v. *Lumber Co.*, 109 Mich. 45. The stockholders, of course, can be compelled to pay the full amount of stock subscribed. Under the declaration and proofs the only question for the jury to decide was, Did the plaintiff contract with the defendant in his individual capacity?

2. In view of a new trial two other questions may properly be decided, although they were not directly passed upon by the court below. Upon the trial defendant conceded that the amount and price of the goods were correct, and that they were delivered; the sole question being, To whom was the credit given? Plaintiff was permitted to produce his books of account showing that the goods were originally charged to the defendant. They were competent, as there was testimony to show that the defendant saw these entries, and made no objection to their being charged to him.

3. Plaintiff claimed the right to a verdict and judgment upon an account stated. The bill was rendered to Mr. Ramsey, and to it he made no objection. He asserted that he did make objection when he first found that it was charged to him, and instructed plaintiff's clerk that it should be charged to the Sunfield Manufacturing Com-

pany, and that the clerk replied that it made no particular difference to whom it was charged. If the jury should believe this testimony of the defendant, a rendition of the account and its acceptance without objection would not become an account stated and binding upon him. The theory of an account stated is that the minds of the parties have met when it has been rendered by one and received and accepted without objection by the other. 1 Am. & Eng. Enc. Law (2d Ed.), p. 442; 1 Cyc. 364.

Judgment reversed, and new trial ordered.

MOORE, C. J., and McALVAY, BLAIR, and HOOKER, JJ., concurred.