## LOCKWOOD v. WYNKOOP.

1. CORPORATIONS—BILLS AND NOTES—ESTOPPEL.

A partnership engaged in banking, which discounted a note held by defendants who were organized as a corporation, but had not completed the preliminaries necessary to legal existence as a corporation, could not recover against the stockholders as partners, on the indorsement of the company. Having dealt with the defendants as a corporation, plaintiff was estopped to deny the existence and powers of the corporation.

2. SAME.

And where the franchise fee was paid on the day the note was discounted, it will be presumed that corporate organization was completed before plaintiff discounted the note; and the members of the corporation could not be charged as partners, individually.

Error to Saginaw; Kendrick, J. Submitted November 5, 1913. (Docket No. 75.) Decided January 5, 1914.

Assumpsit by George S. Lockwood and others, doing business as Lockwood & Barnard, against Fred Y. Wynkoop and others on a promissory note. Judgment for plaintiffs. Defendants bring error. Reversed; new trial denied.

*Gallup, Rogner & Gallup,* for appellants.

*Brooks & Cook,* for appellees.

STONE, J. This was an action on a promissory note. The plaintiffs were copartners conducting a banking business at the city of Saginaw. In December, 1910, the defendants entered into an arrangement which resulted in the signing and acknowledgment of articles of association on the 10th day of December, 1910, forming the Valley Brokerage Company, the capital stock of which was $3,000, under the provisions of Act No. 232 of the Public Acts of 1903. The articles of association were first received at the office of the secretary of State on December 17, 1910, together with a remittance of $6.20, and were returned for correction on the same date. They were again received at said office on December 31, 1910, together with an additional remittance of $7.50. They were again returned to the company for further correction on December 31st, and were finally received at the office of the secretary January 3, 1911. After being recorded, they were returned to the company on January 5, 1911, together with the over-remittance of $7.10.

The defendants were first introduced to the plaintiffs some time after the 10th day of December, 1910, and before December 17, 1910, and an arrangement was entered into for conducting the banking business of the company with the plaintiffs, and as a part of such business the plaintiffs agreed to discount the promissory note in question, which note was then prepared by Mr. Lockwood, one of the plaintiffs, and was

taken away by defendant Wynkoop to be signed. The note was in the words and figures following:

"SAGINAW, Dec. 14, 1910.

"Ninety days after date, we promise to pay to the order of the Valley Brokerage Co. $150.00 (one hundred and fifty and no hundredths dollars) value received, at Lockwood and Barnard Banking office, with interest at 7 per cent. per annum after maturity.

[Signed] "F. J. MARTIN."

Indorsed on back:

"MRS. MARTHA H. MARTIN. VALLEY BROKERAGE CO., by F. Y. WYNKOOP, Treasurer."

This note was discounted by the plaintiffs for the Valley Brokerage Company on December 17, 1910, and had been received at the plaintiffs' bank in a letter reading as follows:

"12/16/10.

"Lockwood & Barnard,
    "Saginaw, M.

"*Gentlemen:*
"Inclosed please find note and check which kindly credit to our account.

| | | |
|---|---|---|
| Note, F. J. Martin | $150 | 00 |
| Check | 38 | 31 |
| | | |
| Total | $188 | 31 |
| Less discount | 2 | 25 |
| | | |
| Total | $186 | 06 |

"Yours truly,
"VALLEY BROKERAGE CO.,
    "F. Y. Wynkoop."

The plaintiff Lockwood testified that at the time he took the note he considered and supposed that he was dealing with the corporation, and that the Valley Brokerage Company opened the account with the plaintiffs on December 13, 1910. The note not being paid at maturity, the defendants were sued as partners. Upon the trial in the circuit court, the evidence was conflicting whether or not the defendants, prior

to the making of the articles of association, had been partners. The defendants gave evidence tending to show that they had not been partners, and the testimony on the part of plaintiffs tended to show that they had been partners, but did not claim to have had any prior dealings with them. The trial court did not leave that question to the jury, but directed a verdict for the plaintiffs for the amount of the note, and judgment followed. The defendants have brought the case here for review, and by their assignments of error they claim that the trial court erred in not directing a verdict for the defendants, as requested, upon the ground that the corporation should have been sued; and in directing a verdict for the plaintiffs.

We think it clear from this record that the plaintiffs dealt with the corporation, and not with the defendants as individuals; that the account was with the corporation, and the note was sued upon and offered in evidence by the plaintiffs. We think that the case is controlled by the recent case of *Newcomb-Endicott Co.* v. *Fee*, 167 Mich. 574 (133 N. W. 540), and the authorities there cited.

The contract relations were entered into on December 17, 1910, the day the franchise fee was paid. It is a familiar doctrine that a person dealing with a corporation as such, is estopped from denying its corporate existence, for the purpose of charging the incorporators as partners.

We are of the opinion that, under the evidence, it will be presumed that the franchise fee was paid on December 17th, before the note was discounted. The due organization of the corporation was perfected, and the plaintiffs continued to do business with it, for months afterwards. Both parties should be held to be estopped from making any claim of invalidity of contract because of the claim that the payment of the

franchise fee was after the contract. *Wright* v. *Sugar Co.*, 146 Mich. 555, 556 (109 N. W. 1062).

We are of opinion that the court erred in refusing to direct a verdict for the defendants, and in directing a verdict for the plaintiffs.

The judgment of the circuit court is reversed, and no new trial will be granted.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred