TISCH AUTO SUPPLY CO. *v.* NELSON.

1. CORPORATIONS—FAILURE TO FILE ARTICLES OF INCORPORATION—
   DE FACTO CORPORATION.
   Where parties associated themselves together for the pur-
   pose of conducting a business, and executed articles of
   incorporation pursuant to the statute (2 Comp. Laws
   1915, § 9017 *et seq.*), but through inadvertence they were
   never filed, the effort made to incorporate resulted in the
   formation of a *de facto* corporation.

2. SAME—PARTNERSHIP—LIABILITY OF INDIVIDUALS COMPOSING DE
   FACTO CORPORATION.
   When parties associate themselves together and conduct
   a business for profit under a name assumed by them for
   that purpose, they are liable as partners for the debts
   incurred, but when an attempt has been made to organize
   a corporation, and there has been a sufficient compliance
   with the law to constitute a corporation *de facto*, and
   the credit is extended to the corporation, there is no
   individual liability on the part of those signing the articles
   of association.

3. SAME—INDIVIDUAL STOCKHOLDERS NOT LIABLE FOR DEBTS OF DE
   FACTO CORPORATION.
   Where a request to plaintiff for credit was made by a
   *de facto* corporation, and, after receiving a report on the
   financial condition of said company, credit was extended,
   the trial court properly held that the credit was extended
   to the company, notwithstanding the testimony of plain-
   tiff's credit manager that it was extended to the in-
   dividuals composing the organization.

4. SAME—STATE ALONE MAY COMPLAIN OF FAILURE TO FILE IN-
   CORPORATION PAPERS.
   Since the purpose of requiring the filing of articles of
   incorporation is to bring the corporation under State
   control, of a failure to do so the State alone may com-
   plain.

Error to Kent; Brown (William B.), J.   Submitted

On partnership liability of stockholders in case of corpora-
tions *de facto*, see notes in 17 L. R. A. 551 and L. R. A. 1916C,
200.

January 9, 1923.    (Docket No. 41.)    Decided March 22, 1923.

Assumpsit in justice's court by the Tisch Auto Supply Company against Walter J. Nelson and others, alleged copartners as the Majestic Auto Sales Company, for goods sold and delivered.    There was judgment for defendants, and plaintiff appealed to the circuit court.    Judgment for defendants.    Plaintiff brings error.    Affirmed.

*Grant Sims*, for appellant.

*Norris, McPherson, Harrington & Waer* and *John C. Cary*, for appellees.

SHARPE, J.   On April 21, 1921, the defendants executed articles of incorporation, pursuant to the provisions of Act No. 232, Pub. Acts 1903 (2 Comp. Laws 1915, § 9017 *et seq.*).    The corporate name assumed was "Majestic Auto Sales Company."    The purpose was to establish and operate garages and storage stations, to wholesale and retail automobiles, motor parts and accessories.    The principal place of business was Grand Rapids.    The capital stock was fixed at $100,000, of which $44,663 was subscribed; $41,000 was stated to have been paid in in cash and $3,663 in other property.    After the articles were signed, and on the same day, the stockholders met and elected a board of directors.    By-laws were adopted.    The officers were directed to deliver the stock certificates "before the expiration of one year from date."    The board of directors at once met and elected officers.

It was the duty of the president under section 9 of the act to cause the articles of association to be recorded in the office of the secretary of State and the county clerk before the corporation should commence business.    This was not done.    The articles were

never filed. They had been left with the attorneys who prepared them. Mr. Nelson, who was elected president, was not called as a witness. Mr. Wilcox, the vice-president, was sworn. He testified that he was out of the city for some time after the articles were signed; that after his return he attended several meetings of the board of directors; that in August he discovered that the articles had not been filed and, with the president, consulted an attorney about it. In the meantime, the general corporation act of 1921 (Act No. 84 [Comp. Laws Supp. 1922, § 9053 (1) *et seq.*]) had been enacted. It repealed Act No. 232. While it does not appear in proof, it is apparent that the articles executed could not then be filed. Mr. Wilcox testified when questioned concerning an advertisement of the defendant company appearing in a paper about the latter part of August:

"It was about the time we started the second time to file incorporation papers or perhaps a couple of weeks later that I learned that the company was in financial straits."

A receiver for the company was subsequently appointed.

Julius Tisch, plaintiff's credit manager, testified that a request of the defendant company to his company for credit was referred to him. He asked for a report on the financial standing of the company from R. G. Dun & Co. This report, dated June 2, 1921, stated:

"This business was organized the first part of the present year, and incorporation papers were filed on March 4, 1921, but on present date the papers have not been returned."

Plaintiff extended credit to the amount of $446.27. It now brings suit against the defendants as copartners to recover this amount. The case was tried before the court without a jury. The findings filed are

in substance the facts as stated.    The trial court concluded as matter of law that the effort made to incorporate resulted "in the formation of a *de facto* corporation;" that the credit was extended to the corporation and plaintiff could not recover against the defendants as copartners.

It is insisted that the credit was extended to defendants as copartners.    Mr. Tisch was asked:

"*Q.* To whom did you give credit for the $446.27 account here, Mr. Tisch?"

and answered:

"*A.* My understanding was that it was to the individuals composing the organization."

This answer cannot well be taken to establish the fact.    The request for credit was from the defendant company.    A report on the financial condition of the company was asked for and furnished.    No such request would have been made as to the defendants personally as several of them were men of large means. The defendants were not, and never had been, engaged in business as copartners.

The law is well settled that when parties associate themselves together and conduct a business for profit under a name assumed by them for that purpose they are liable as partners for the debts incurred.    But when an attempt has been made to organize a corporation and there has been a sufficient compliance with the law to constitute a corporation *de facto*, and the credit is extended to the corporation, there is no individual or partnership liability on the part of those signing the articles of association.

The question presented is, Was the defendant, under the facts stated, a *de facto* corporation at the time the plaintiff extended the credit?    Plaintiff's claim, that it was not, is based on the language of the statute requiring the filing of the articles before the corpora-

tion "shall commence business." The requirements of the statute as conditions precedent to organization had been fully complied with. The corporation existed. Its stockholders and directors met and perfected its organization by electing officers. It thus became a corporation *de facto*. The neglect of the president to file the articles did not change its status. The purpose of filing is to bring the corporation under State control. For a failure to do so, the State alone may complain. The failure to file in no way affected the rights of the plaintiff to enforce payment of its debt from the assets of the corporation. The credit was extended to the corporation. It had a legal existence which it is estopped from denying.

Our decisions and the great weight of authority are in harmony with this holding. Mr. Hamilton, in his Michigan Corporation Code (3d Ed.), § 83, says:

"When incorporators have proceeded in good faith, under a valid statute, for an authorized purpose, and have executed and acknowledged articles of association pursuant to that purpose, a corporation *de facto* instantly comes into being. *Eaton* v. *Walker,* 76 Mich. 579 (1889) ; *Newcomb-Endicott Co.* v. *Fee,* 167 Mich. 574, 580 (1911). A *de facto* corporation is an actual corporation. As to all the world, except the State, it enjoys the status and powers of a *de jure* corporation. 1 Thomp. Corp., § 225, p. 240."

In *People* v. *Carter,* 122 Mich. 668, the defendant interposed as a defense to a charge of embezzlement from a corporation the fact that its articles had not been filed. It was incorporated under Act No. 13, Pub. Acts 1897 (2 Comp. Laws 1915, § 9806 *et seq.*). This act provided that the articles—

"shall be filed  *  *  *  and thereupon the persons who shall have signed said articles of association, their associates and successors, shall be a body corporate," etc.

It was held that the association was a corporation

*de facto*, and defendant's conviction was affirmed.   In *Newcomb-Endicott Co.* v. *Fee*, 167 Mich. 574, a similar question was presented.   It was there claimed that there could be no corporate existence until the articles were filed.   Mr. Justice STONE, speaking for the court, said:

"By the act itself it is provided that the president shall cause the articles of association to be recorded. The statute therefore contemplates the complete organization of the association and the election of officers before the recording of the articles, and we think that the better doctrine is that the State only can interfere in a case such as the one with which we are dealing."

On page 581 he quotes with approval from *Whitney* v. *Wyman*, 101 U. S. 392, where the same question was considered:

"The restriction imposed by the statute is a simple inhibition.   It did not declare that what was done should be void, nor was any penalty prescribed.   No one but the State could object.   The contract is valid as to the plaintiff, and he had no right to raise the question of its invalidity."

Other authorities cited and quoted will be found instructive.   See, also, *Staver & Abbott Manfg. Co.* v. *Blake*, 111 Mich. 282 (38 L. R. A. 798).   The general rule is thus stated in 14 C. J. p. 120:

"Provisions in general incorporation laws, as well as in special charters, prescribing conditions precedent to corporate existence, must be distinguished from provisions merely prescribing conditions to be complied with after acquiring corporate existence.   Noncompliance with such a condition subsequent does not affect the existence of the corporation, although it may be ground for a proceeding by the State to forfeit the charter.   Conditions precedent to the formation of a corporation must be distinguished from conditions precedent to the right to engage in business after the corporation has been formed.   The latter are conditions subsequent, a noncompliance with which, while it may give the State a right to main-

tain proceedings to forfeit the charter, does not, in the absence of such proceedings, in any way affect the legal existence of the corporation."

The plaintiff had no right of action against the defendants as copartners.

The judgment is affirmed.

Wiest, C. J., and Fellows, McDonald, Clark, Bird, Moore, and Steere, JJ., concurred.