BERLIN STATE BANK *v.* NELSON.

1. CORPORATIONS — INCORPORATORS NOT LIABLE AS COPARTNERS ON STOCK SUBSCRIPTION NOTES INDORSED BY CORPORATION BECAUSE ARTICLES NOT RECORDED.

Incorporators who executed articles of association in good faith may not be held liable as copartners because said articles were not recorded as required by law, in an action by the purchaser on stock subscription notes executed by another incorporator and indorsed in the name of the corporation by a representative, where the organization did business as a corporation, and was in fact a corporation *de facto.*[1]

2. SAME—TESTIMONY AS TO REPRESENTATION THAT OTHER INCORPORATORS WERE LIABLE INCOMPETENT IN ABSENCE OF SHOWING OF AUTHORITY TO MAKE SUCH REPRESENTATION.

Testimony that the maker and the representative who indorsed the notes told plaintiff, the purchaser, that the

---

[1]Corporations, 14 C. J. § 368.

other incorporators were personally liable upon said in-
dorsement was properly excluded by the trial judge on
the ground that no authority to make such representation
was shown.[2]

Error to Kent; Perkins (Willis B.), J.    Submitted
April 23, 1925.    (Docket No. 67.)    Decided June 18,
1925.

Assumpsit by the Berlin State Bank against Walter
J. Nelson and others, alleged copartners as the Majestic
Auto Sales Company, on certain promissory notes.
Judgment for defendants on a directed verdict.   Plain-
tiff brings error.    Affirmed.

*Dean S. Face* and *Charles E. Ward*, for appellant.

*Norris, McPherson, Harrington & Waer*, for ap-
pellees.

CLARK, J.    Prior to April 21, 1921, there was a
copartnership in Grand Rapids of Nelson and Gage,
trading as Majestic Auto Sales Company.    In April,
1921, it was planned to form a corporation in Grand
Rapids to be known as Majestic Auto Sales Company.
Several persons subscribed for stock and gave notes
therefor payable to Majestic Auto Sales Company,
among them, defendants Nelson, Wilcox, Bailey,
Middleton, and Kuennen.    On April 21st the articles
were executed and by-laws adopted.    Officers were
elected.    Corporate meetings were held.    The organ-
ization functioned as a corporation.    The articles were
not recorded in the office of the secretary of State
nor in the office of the county clerk (2 Comp. Laws
1915, § 9025).    The business failed.    The corpora-
tion seems to have been promoted, largely at least, by
Nelson and one Reed.    For his subscription for stock,
Nelson gave three notes, all dated April 4, 1921, for
$1,500, $1,500, and $3,000, respectively, all payable

[2]Corporations, 14 C. J. § 368.

to the order of Majestic Auto Sales Company, all made by Nelson alone, the first two indorsed "Majestic Auto Sales Co., by D. L. Reed, representative," the last indorsed "Majestic Auto Sales Co., by D. L. Reed, Gen. Sales Mgr." The notes in question were acquired by plaintiff bank on April 15th, April 28th, and May 27, 1921, respectively. Plaintiff bank, holding the notes, declared on them in assumpsit, and made Nelson, personally, and Nelson, Wilcox, Kuennen, Middleton, Bailey and Gage, defendants, and as copartners trading as Majestic Auto Sales Company. Nelson was not served. A verdict was directed in favor of defendants Wilcox, Bailey, Middleton and Kuennen, and judgment entered thereon. Plaintiff brings error.

Appellees cannot be held on the theory that they were members of the copartnership of Nelson and Gage, trading as Majestic Auto Sales Company, for they were not members of it. Nor can they be held personally liable as copartners because of the failure to record the articles of association. The incorporators proceeded in good faith. There is no evidence to the contrary. They proceeded under a valid statute (2 Comp. Laws 1915, chap. 175) and for an authorized purpose. They executed and acknowledged articles of association pursuant to that purpose. There was a corporation *de facto*, and appellees are not liable as copartners. Hamilton, Michigan Corporation Code (3d Ed.), § 83; *Eaton* v. *Walker*, 76 Mich. 579; *Newcomb-Endicott Co.* v. *Fee*, 167 Mich. 574. For a discussion of pertinent facts and applicable law, see *Tisch Auto Supply Co.* v. *Nelson*, 222 Mich. 196.

Plaintiff sought to hold appellees by an offer of testimony that Nelson and Reed represented to the plaintiff at the time it purchased the notes that appellees were personally liable upon the said indorsement of the notes. In directing a verdict Judge Perkins held the

231—Mich.—30.

testimony incompetent for the reason that it was not shown that Nelson and Reed, or either of them, had authority to make such representation.    He was not in error.    A fraud was perpetrated on the plaintiff. But appellees are blameless.

Judgment affirmed.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS and WIEST, JJ., concurred.