PERRY & DERRICK COMPANY, INC. *v.* KING

1. CORPORATIONS — CORPORATIONS BY ESTOPPEL — ESTOPPEL BY JUDG-
MENT.

   A plaintiff is estopped from denying the corporate status of a
   group of persons who never complied with the state's corpora-
   tion law where he had previously recovered a judgment from
   the same group of persons as a corporate entity.

2. JUDGMENT — CORPORATIONS — CORPORATIONS BY ESTOPPEL — RES
JUDICATA.

   A plaintiff cannot recover from the officers of a corporation,
   which did not comply with the state's corporation law and
   thus was *illicitum collegium*, for a debt due pursuant to a
   contract made with the corporation on the theory that the
   defendants were joint venturers or a partnership where the
   plaintiff had recovered a judgment against the corporate entity
   in a previous action.

3. CORPORATIONS—DE FACTO CORPORATION—RES JUDICATA.

   A plaintiff, in a suit against the officers of corporation which
   never complied with the state's corporation laws, cannot argue
   that the corporation does not exist *de facto* where he was a
   plaintiff in a previous action against the same corporation
   and did not question the corporation's legal status.

4. CORPORATIONS — VOIDED STATUS — KNOWLEDGE — RES JUDICATA —
DISCOVERY.

   A plaintiff, in a suit against the officers of corporation which
   never complied with the state's corporation laws, will not be
   allowed to assert lack of knowledge of the corporation's status
   where he had recovered a judgment from the same company
   as a corporate entity in a previous action and where, even

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4]  18 Am Jur 2d, Corporations §§ 76, 80.
[5]  47 Am Jur 2d, Judgments §§ 1197–1212.

though he did not discover the voided status of the corporation until after the first judgment had been rendered, by reasonable diligence, he could have ascertained the true status before the first trial was held.

5. JUDGMENT—DEFAULT JUDGMENT—RES JUDICATA.

A default judgment is just as conclusive an adjudication and as binding upon the parties of whatever is essential to support the judgment as one which has been rendered following answer and contest; a default judgment will bar a second suit between the same parties and their privies on the same cause of action.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 March 3, 1970, at Grand Rapids. (Docket No. 7,404.) Decided June 24, 1970.

Complaint by the Perry & Derrick Company, Inc. against Dr. Joseph G. King and Charles R. Nicholas for the amount due on a contract. Judgment for defendants. Plaintiff appeals. Affirmed.

*Rhoades, McKee & Boer* (*Thomas Van Hattum,* of counsel), for plaintiff.

*Clifford J. Murphy,* for defendants.

Before: R. B. BURNS, P. J., and FITZGERALD and LEVIN, JJ.

FITZGERALD, J. The present case is prefaced by an earlier action commenced by plaintiff Perry & Derrick Company, Inc. for an amount due on a contract for goods and services against the Farmer's Exchange and Perfection Flour Mills Company and against Stanley Murawaski, individually, as surety on a guarantee note. The flour company did not appear and a default judgment was entered against it. A consent judgment was entered against Stanley Murawaski. There was an execution and sale of the

property belonging to the flour company which satisfied only part of the judgment.

Subsequent to the above judgments and the execution sale, discovery was had on Stanley Murawaski at which time it was learned that the flour company had failed to comply with the Michigan corporations law and was *illicitum collegium*.

In December 1965, plaintiff filed a complaint against the present defendants alleging that they were liable on the original debt as members of a joint venture or partnership because the corporation had never become a legal entity under Michigan law. In their answer, defendants alleged affirmative defenses of failure to join a party, splitting a cause of action, and *res judicata*. On July 15, 1966, plaintiff brought a motion for summary judgment denying defendants affirmative defenses. The motion was denied and on May 2, 1969, the court rendered a judgment in favor of defendants.

The parties to the present case base much of their respective arguments upon GCR 1963, 203 to 208, dealing with joinder of claims and parties. In spite of the detailed statement of questions involved and arguments presented, we find that the actual issue is whether the doctrine of *res judicata* precludes a party who has received a judgment against a corporation from subsequently suing the officers of that corporation based on the same claim and alleging that they are a partnership or joint venture because the corporation has been voided.

Plaintiff argues that because the flour company was voided as a corporation the present defendants are liable, either as a partnership or joint venture. Presumably, this has the effect of making them a different party. However, despite the fact that the flour company was not a *de jure* corporation, plaintiff is estopped from denying it corporate status.

The theory of corporations-by-estoppel is explained in 8 Fletcher, Cyclopedia of Corporations, § 3964, where it is stated:

"Estoppel to deny the existence of a pretended corporation may arise from a judgment either for or against a corporation. So a person who has sued and recovered judgment against a company as a corporation cannot thereafter maintain a second suit against its members individually or as partners on the same cause of action; nor can he maintain a suit to charge its members as partners with the amount of the judgment, nor for damages for falsely representing that they were a corporation."

This rule has also been adopted in Michigan and is explained in *Estey Manufacturing Co.* v. *Runnels* (1884), 55 Mich 130.

The question of whether the present defendants would have been liable as individuals hinges on whether the flour company could have been considered a *de facto* corporation. See *Tisch Auto Supply Co.* v. *Nelson* (1923), 222 Mich 196; *Berlin State Bank* v. *Nelson* (1925), 231 Mich 463; *Campbell* v. *Rukamp* (1932), 260 Mich 43. However, that issue should have been raised in the first suit and the doctrine of *res judicata* prevents plaintiff from raising it now. In *Gursten* v. *Kenney* (1965), 375 Mich 330, 335, the Supreme Court, faced with a similar situation, explained:

"The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

Furthermore, the fact that plaintiff did not know of the voided status of the flour company until after

the first judgment does not change the result. Through reasonable diligence, plaintiff could have investigated the company's corporate status and, failing in this respect, they will not be heard to assert lack of knowledge of the character of the corporation. See *Love* v. *Ramsey* (1905) , 139 Mich 47.

The fact that the original judgment against the flour company was obtained through default does not affect the result we now reach. A default judgment is just as conclusive an adjudication and as binding upon the parties of whatever is essential to support the judgment as one which has been rendered following answer and contest. As is true with a judgment on the merits, a default judgment will bar a second suit between the same parties and their privies on the same cause of action. (1961), 77 ALR 2d 1410.

In recent years, the dockets of Michigan courts have become increasingly crowded and it is a situation such as this that the doctrine of *res judicata* is designed in part to control. In *Knowlton* v. *City of Port Huron* (1959), 355 Mich 448, 456, the Supreme Court stated:

"This claimed right to 'sue till something gives' cannot be sound law. There must be an end of litigation, and out of sheer self-defense and considerations of broad public policy our courts cannot gladly permit repeated litigation of the same old question under the circumstances appearing in this case."

For the reasons stated above the decision of the trial court is affirmed. Costs to appellees.

R. B. BURNS, P. J., concurred.

LEVIN, J., concurred on the authority of *Tisch Auto Supply Co.* v. *Nelson, supra,* and *Berlin State Bank* v. *Nelson, supra.*