APPOLO LAND AND DEVELOPMENT COMPANY, INC. v
LICHTMAN

1. JUDGMENT—ACCELERATED JUDGMENT—RES JUDICATA.

A trial court's grant of accelerated judgment against a plaintiff
on the basis of res judicata was proper where the matters
pleaded in the present action properly belonged in and were
necessary to the decision in an earlier action which was started
by the same plaintiff who failed to pursue the earlier action
and that earlier action resulted in a judgment for the defend-
ants.

2. JUDGMENT—RES JUDICATA.

The plea of res judicata applies, except in special cases, not only
to points upon which a court was actually required by the
parties to form an opinion and pronounce a judgment but to
every point which properly belonged to the subject of litigation
and which the parties, exercising reasonable diligence, might
have brought forward at the time.

Appeal from Lenawee, Thomas C. Megargle, J.
Submitted April 6, 1977, at Detroit. (Docket No.
28475.) Decided June 7, 1977.

Complaint by Appolo Land and Development
Company, Inc., against Rose M. Lichtman, James
B. Seitner and Joan Seitner, his wife, Allen E.
Steinman and Shirlee M. Steinman, his wife, and
David Steinman and Ethel S. Steinman, his wife,
and Gregory J. Forsthoefel to quiet title and for
damages. Judgment for defendants. Plaintiff ap-
peals. Affirmed.

*Crum, Weiss & Werner,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 73 Am Jur 2d, Judgments §§ 580–613.

*Butzel, Levin, Winston & Quint* (by *Henry H. Sills)* and *Gregory J. Forsthoefel,* for defendants.

Before: BEASLEY, P. J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

BEASLEY, J. Plaintiff, who for clarity in this opinion will be referred to as Appolo, appeals as of right from an accelerated judgment and summary judgment for defendants, who for clarity will be referred to as Lichtman, in what Appolo described as a complaint to quiet title and to recover damages. This case will be referred to as No. 2633, that being the Lenawee Circuit Court file number, to distinguish it from the other cases referred to in this opinion.

The facts support the trial court's finding.

On May 12, 1972, Appolo entered into a 21-month land contract with Lichtman (excepting defendant Forsthoefel) to purchase acreage in Lenawee County for $100,000. When Appolo, after paying $50,000 of the purchase price, defaulted in. payment, Lichtman commenced summary proceedings in the district court for forfeiture of land contract and restoration of possession. This district court case will be referred to as No. 8374, that being the Second District Court, First Division, file number. Appolo filed an answer and counterclaim asserting equitable defenses. The district court held that collateral matters equitable in nature may not be raised as a defense in summary proceedings and refused to hear the counterclaim. Then, on November 27, 1974, the district court awarded judgment to Lichtman for possession of the real property unless the balance was paid within six months.

The file in No. 8374 indicates Appolo filed a claim of appeal. Although there may be question

as to the correctness of the district judge's ruling regarding collateral matters,[1] Appolo did not pursue its appeal.[2] Instead, Appolo filed a chancery complaint seeking to enjoin Lichtman from taking possession under the district court judgment and for what is described as abatement of the purchase price. This case will be referred to as No. 2592, that being the Lenawee Circuit Court file number.

On May 28, 1975, in No. 2592, a temporary restraining order was issued to restrain finalizing of the proceeding for restitution in No. 8374. In response, Lichtman moved for accelerated judgment and for summary judgment in No. 2592. After a hearing in which Appolo neglected to appear,[3] the trial judge dissolved the temporary restraining order and granted Appolo 20 days within which to amend its complaint. Appolo did not amend and on the 21st day, namely, July 18, 1975, Lichtman obtained a judgment of dismissal in No. 2592 in accordance with his motions for accelerated judgment and summary judgment. The

---

[1] DCR 754.5(1) effective 1/1/69, provides that defendants may join claims or counterclaims for money judgment. Under DCR 754.5(3), if defendant "joins the counterclaim for equitable relief which, if granted, would defeat the plaintiff's claim for possession of the premises" the entire proceedings shall be removed to the circuit court. MCLA 600.5739; MSA 27A.5739 provides that "except as provided by court rules, a party to summary proceedings may join claims and counterclaims for money judgment for damages * * * for breach of the * * * contract under which the premises were held * * * but the court may order separate summary disposition of the claim for possession, without prejudice to any other claims or counterclaims". But these court rules and statute must be viewed together with MCLA 600.8315; MSA 27A.8315 which provides district courts "shall not have jurisdiction in actions for injunctions, divorce or actions which are historically equitable in nature", except as otherwise provided by law.

[2] The record does not indicate that the claim of appeal from the judgment in No. 8374 was filed anywhere other than with the district court. In any event, the claim of appeal was not perfected and is deemed abandoned.

[3] It would appear that about the date of this hearing, June 27, 1975, Appolo was substituting attorneys, as the new counsel filed his appearance on July 17, 1975.

day previous to the date of the judgment of dismissal, Appolo filed a motion for rehearing by its new attorney. Instead of pursuing the motion for rehearing or appealing the judgment of dismissal in No. 2592, Appolo started the suit referred to as No. 2633 to "quiet title" and to recover damages.

Apparently, the gist of this complaint is that Appolo thought it was to get approximately 71 acres and purchased some adjoining property in reliance upon this understanding, then discovered the original transaction would be for 67 acres because of the commitment for adjoining property which, apparently, was unconditional. The scatter-gun complaint also contains allegations that local counsel for Lichtman conspired in some way to delay Appolo's attempted rezoning efforts.[4]

Lichtman filed motions for accelerated judgment and summary judgment. After filing of briefs and oral argument, the trial judge filed a written opinion holding that the issues in No. 2633 are res judicata by virtue of No. 2592.

The issues sought to be raised in No. 2633 are essentially a rehash of No. 2592. While in No. 2592 the reasons for Appolo's failure to pursue amendment of pleadings, the motion for rehearing, or an appeal are neither known nor relevant here, the legal effect of such failure is to give support to Lichtman's claim of res judicata.

The complaint in No. 2592 alleges acquisition of adjoining properties by Appolo after preliminary agreement to purchase the acreage, negotiations for development, then discovery that Lichtman could not convey quite as much as Appolo contem-

---

[4] Appolo wanted to build a trailer park, but failed to get the property rezoned for that purpose. When local counsel was made a party defendant, the circuit judge disqualified himself and the circuit judge from an adjoining county heard and decided Lichtman's motions.

plated. In No. 2592, Appolo then asserted a demand to "abate" the price, refusal by Lichtman, but closing of the land contract in spite of the lesser number of acres. In its prayer for relief, Appolo asked for "abatement" of the price together with request for injunction preventing execution of the writ of restitution. After obtaining the temporary restraining order, Appolo did not appear on the date set for hearing the show cause, even though the date for hearing had been obtained by Appolo. In spite of Appolo's failure to appear, the trial court granted Appolo 20 days to amend its pleadings, which was an obvious invitation to Appolo to plead once and for all any matters legal or equitable that would support its claims. In addition, this gave Appolo opportunity to expand its prayers for relief beyond the request "to abate the purchase price". But Appolo did not amend its complaint; rather, it filed a motion for rehearing, but noticed the motion for hearing on a date 10 days after the time limit set for amending its complaint had passed. Appolo did nothing more in No. 2592.

It should be noted that the judgment in No. 8374 did *not* appear to preclude Appolo from bringing the separate equitable action in No. 2592. *Zak v Gray,* 324 Mich 522; 37 NW2d 550 (1949).

However, the question is whether No. 2592 is res judicata of No. 2633. If it is, the grant of accelerated judgment on the basis of res judicata should be affirmed. *Gursten v Kenney,* 375 Mich 330, 335; 134 NW2d 764 (1965), states the rule as follows:

" 'The plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the

parties, exercising reasonable diligence, might have brought forward at the time.' " (Citations omitted.)

Therefore, under *Gursten v Kenney, supra,* we conclude that matters pleaded in No. 2633 properly belonged in and were necessary to decision in No. 2592.

*Perry & Derrick Co, Inc v King,* 24 Mich App 616, 620; 180 NW2d 483 (1970), is further authority for the correctness of the holding that No. 2592 is res judicata of No. 2633. In *Perry,* the court said:

" 'This claimed right to "sue till something gives" cannot be sound law. There must be an end of litigation, and out of sheer self-defense and considerations of broad public policy our courts cannot gladly permit repeated litigation of the same old question under the circumstances appearing in this case.' " (Citing *Knowlton v Port Huron,* 355 Mich 448, 456; 94 NW2d 824 [1959].)

Further support for this position may be found in *Rose v Rose,* 10 Mich App 233, 236; 157 NW2d 16 (1968), where the court said:

"Since the court did not otherwise specify, this dismissal will be treated as operating as an adjudication upon the merits. * * *

The reason for the rule is that if a plaintiff does not care enough to prosecute his action diligently, fairness requires that defendant be allowed to protect himself from the bother of filing answers to a multiplicity of complaints for the same claim, by relying upon the dismissal as ending the matter for all time. This affords plaintiff reasonable and ample opportunity to bring his action and sustain his claim, while demanding diligence on his part for the protection of the defendant."

*Curry v Detroit,* 394 Mich 327, 333; 231 NW2d

57 (1975), is authority for prohibiting double filing of cases by invoking res judicata. The court said:

"If the double filing is allowed in this case, it follows that any possible 'final' adverse ruling can be likewise circumvented. Several questions then call for answers. For instance, how long after the first adverse decision may one wait before filing another complaint and how many such complaints can be filed?"

Applied to this case, the foregoing authorities establish that granting accelerated judgment to Lichtman in No. 2633 is mandated on a theory of res judicata by virtue of failure to pursue No. 2592. The trial court was not in error in so finding.

Lichtman claims this is a vexatious appeal and that, therefore, the defendants are entitled to punitive costs under GCR 1963, 816.5. There is no basis for that claim, and it is denied.

We limit our decision here to the appeal taken by Appolo in No. 2633 and express no opinion regarding No. 2592 from which no appeal has been taken.

Affirmed, with costs.