LESISKO *v.* STAFFORD.

1. APPEAL AND ERROR—DELAYED APPEAL—DEFAULT—QUESTIONS RE-
VIEWABLE.

Where Supreme Court granted delayed leave to appeal from
*pro confesso* decree in suit to enjoin abutting owners and their
business clients from the use of plaintiffs' driveway on repre-
sentation that default was due to neglect of defendants' former
attorney, that the decree is not supported by the bill of com-
plaint and that relief given was more than asked for in the
prayer of the bill, the questions for review are whether decree
is supported by the bill of complaint and whether the relief
granted was in accordance with the prayer.

2. JUDGMENT—DEFAULT—ADMISSION.

On default every well-pleaded averment is accorded the quality
of truth.

3. EASEMENT—INJUNCTION—USE OF DRIVEWAY—REPEATED TRES-
PASSES.

Plaintiffs who own lot adjacent to that of defendants and seek
injunctive relief to restrain latter from using driveway on side of
plaintiffs' lot so as to keep plaintiffs from using same need
not submit to repeated trespasses and be limited to an action
at law.

4. JUDGMENT—DEFAULT—INJUNCTION—RELIEF ACCORDED PLAINTIFF.

Where bill prayed that decree be entered ·discontinuing driveway
and closing same and that an injunction issue restraining the
defendant from blocking, parking, or obstructing it and for
such other, further, and different relief as in equity and good
conscience might be granted, decree entered upon default which
permanently restrained and enjoined defendants from tres-
passing or entering upon plaintiffs' property as a driveway did
not give relief exceeding that asked for in the bill.

5. COSTS—BRIEFS.

No costs are allowed appellees upon affirmance of a decree where
they filed no brief.

Appeal from Wayne; Smith (Frank Day), J.  Sub-
mitted April 9, 1940.  (Docket No. 63, Calendar No.
40,978.)  Decided June 3, 1940.

Bill by Frances Ignasiak Lesisko and others against Herbert A. Stafford and wife to restrain the use of a driveway. From *pro confesso* decree rendered, defendants were granted permission to take a delayed appeal. Affirmed.

*Lau & Lau,* for defendants.

BUTZEL, J. Plaintiffs and defendants own houses on adjoining lots. There is a driveway between them, part of which is on each lot. Plaintiffs sought injunctive relief in a bill of complaint charging that defendants and their real estate business clients "use said driveway with their own car or cars, and continually park and block said drive, so that the plaintiffs are unable to use it, either with an automobile or to walk thereon." Defendants were served but failed to appear, and the bill was taken as confessed by an order of November 12, 1938. The case was heard before the late Judge Allan Campbell, and a decree was entered by Judge Frank Day Smith on July 31, 1939. After a lapse of more than three months, defendants retained their present counsel who moved to amend the decree. We are not told what disposition was made of this motion. On December 19, 1939, we granted leave to appeal on defendants' representations that the default was due to the neglect of the attorney originally retained, that the decree is not supported by the bill of complaint, and that the relief given was far more than asked for in the prayer of the bill.

As this was the sole reason for granting the delayed appeal, we shall determine whether the decree is supported by the bill of complaint and whether the relief granted was in accordance with the prayer. *Covell* v. *Cole,* 16 Mich. 223; *McMahon* v. *Rooney,* 93 Mich. 390; *Miller* v. *Casey,* 176 Mich. 221; *Puffer* v. *Clark,* 202 Mich. 169; *Foster* v. *Talbot,* 257 Mich. 489; *Bon-*

*nici* v. *Kindsvater,* 275 Mich. 304. The bill of complaint, stripped of formalities, stated that plaintiffs are the owners of a certain lot, that the driveway thereon has not been dedicated for such use, that defendants were not given any right to use it by conveyance or agreement, that defendants and their clients continually park and block the driveway, that by reason of these acts plaintiffs are denied the free and uninterrupted use of their property, and that they will suffer irreparable damage unless a court of equity intervenes. On default every well-pleaded averment is accorded the quality of truth. On this state of facts plaintiffs need not submit to the repeated trespasses and be limited to an action at law. *Turner* v. *Holland,* 54 Mich. 300; *Campbell* v. *Kent Circuit Judge,* 111 Mich. 575; *Rhoades* v. *McNamara,* 135 Mich. 644; *Harbor Springs Lumber Co.* v. *Emmet Circuit Judge,* 160 Mich. 497; *McMorran Milling Co.* v. *Railway Co.,* 210 Mich. 381.

The bill prayed that a decree be entered "discontinuing said drive and closing same," and that an injunction issue "restraining the said defendants * * * from blocking, parking or in any way obstructing said driveway," and there was a further prayer for "such other, further and different relief, in the premises, that in equity and good conscience the honorable court may so grant." By the decree entered defendants are "permanently restrained and enjoined from trespassing, entering upon or in any manner using the property of the plaintiffs * * * as a driveway, or in any other manner." The relief did not exceed that asked for in the bill.

The decree is affirmed. Because appellees filed no brief, costs will not be allowed.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred.