ELECTRONIC CITATION: 2010 FED App. 0007P (6th Cir.)
File Name: 10b0007p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: NICOLE M. PHILLIPS<br>and THOMAS M. PHILLIPS, SR., | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| NICOLE M. PHILLIPS and | ) | No. 09-8032 |
| THOMAS M. PHILLIPS, SR., | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RANDY WEISSERT, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Western District of Michigan
Case No. 07-07387, Adv. Case No. 07-80661

Argued: February 3, 2010

Decided and Filed: August 20, 2010

Before: McIVOR, RHODES, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Brion B. Doyle, VARNUM RIDDERING SCHMIDT HOWLETT, LLP, Grand Rapids, Michigan, for Appellants. John W. Ujilaky, Lansing, Michigan, for Appellee. **ON BRIEF:** Brion B. Doyle, VARNUM RIDDERING SCHMIDT HOWLETT, LLP, Grand Rapids, Michigan, for Appellants. John W. Ujilaky, Lansing, Michigan, for Appellee.

1

---

**OPINION**

---

MARCI B. McIVOR, Bankruptcy Appellate Panel Judge. The Appellee, Randy Weissert ("Weissert"), obtained separate state court judgments on damages *as per a default* against each of the debtors, Appellants, Nicole M. Phillips and Thomas M. Phillips, Sr. ("Mr. and Mrs. Phillips"), in the amount of $71,962.75 for abuse of process, intentional infliction of emotional distress, civil conspiracy, and concert of action. The state court judgments were awarded after Weissert was acquitted of a criminal charge that he had raped Mrs. Phillips. In this bankruptcy case, Weissert filed an adversary proceeding seeking a determination that the debts reflected in the state court judgments were nondischargeable under 11 U.S.C. § 523(a)(6). The bankruptcy court granted in part and denied in part the motion for partial summary judgment filed by the debtors seeking a declaration that the state court judgments had no preclusive effect. The bankruptcy court held that the state court judgments were preclusive only as to the amount of the debt and the liability of each of the debtors, but not preclusive on whether the debtors' conduct was willful and malicious under 11 U.S.C. § 523(a)(6). Following a trial on that issue, the bankruptcy court found Mrs. Phillips' debt to be nondischargeable and Mr. Phillips' debt to be discharged through his bankruptcy. Mrs. Phillips appeals three orders: (1) the order partially denying her motion for partial summary judgment; (2) the judgment finding her debt to be nondischargeable; and (3) an order denying a motion to amend the findings of fact and conclusions of law. Mr. Phillips also filed a notice of appeal and attempted to be heard on the issues raised by Mrs. Phillips. The Panel finds that Appellant Mr. Phillips lacks standing to appeal the bankruptcy court's orders and therefore dismisses his appeal. As to Appellant Mrs. Phillips' appeal, the Panel AFFIRMS the bankruptcy court's orders for the reasons stated below.

2

# I. STATEMENT OF ISSUES

The first issue on appeal is whether the bankruptcy court erred in ruling that the debt reflected in the state court judgment entered against Appellant Mrs. Phillips, is nondischargeable under 11 U.S.C. § 523(a)(6).  The secondary issue before the Panel is whether the bankruptcy court erred in its conclusion regarding the collateral estoppel effect of that state court judgment.

# II. JURISDICTION AND STANDARD OF REVIEW

Before addressing the substance of the issues on appeal, it is important to discuss the issue of standing.  Although the issue of standing was not raised by either party as an issue in this appeal, it is appropriate for this Panel to consider questions of standing *sua sponte*.  *S.E.C. v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665 (6th Cir. 2001).  As an appellate court, the issue of standing may be considered *sua sponte* because "[s]tanding is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case."  *Harker v. Troutman* (*In re Troutman Enters., Inc.*), 286 F.3d 359, 364 (6th Cir. 2002) (citation omitted).  The appellate standing requirement in bankruptcy cases "'is more limited than Article III standing or the prudential requirements associated'" with federal standing generally.  *Moran v. LTV Steel Co., Inc.* (*In re LTV Steel Co., Inc.*), 560 F.3d 449, 453 (6th Cir. 2009) (citations omitted).  As the Panel recently explained:

> In order to have standing to appeal a bankruptcy court order, an appellant must have been "directly and adversely affected pecuniarily by the order."  Derived from the now-repealed Bankruptcy Act of 1898, "[t]his principle, also known as the 'person aggrieved' doctrine, limits standing to persons with a financial stake in the bankruptcy court's order."  Thus, a party may only appeal a bankruptcy court order when it diminishes their property, increases their burdens or impairs their rights.  *Travelers Cas. & Sur. v. Corbin* (*In re First Cincinnati, Inc.*), 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted).

*Ohio Truck & Trailer, Inc. v. Level Propane Gases, Inc.* (*In re Level Propane Gases, Inc.*), 431 B.R. 307, 2010 WL 1427503, at *4 (B.A.P. 6th Cir. 2010) (Table).

In the present case, Mr. Phillips was successful before the bankruptcy court. The bankruptcy court's order finding that his debt to Weissert is dischargeable did not diminish his property, increase his burden or impair his rights. The order did not adversely affect him. Accordingly, the Panel finds that he does not have standing to appeal. Likewise, Appellant Mrs. Phillips does not have standing to appeal the issue of whether Mr. Phillips' debt is dischargeable. Weissert attempted to file a cross appeal of this issue. However, his notice of appeal was not timely and thus the Panel lacks jurisdiction as to his appeal. Accordingly, the dischargeability of Mr. Phillips' debt is not properly before the Panel and his appeal is dismissed.

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide the remaining issues on appeal. The United States District Court for the Western District of Michigan has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). An order granting summary judgment is a final order. *Buckeye Ret. Co., LLC, Ltd. v. Swegan* (*In re Swegan*), 383 B.R. 646, 649 (B.A.P. 6th Cir. 2008). Ordinarily, an order denying summary judgment is not a final, appealable order. *Rabin v. Shanker* (*In re Shanker*), 347 B.R. 115 (B.A.P. 6th Cir. 2006) (Table). An appeal from a final judgment, however, draws in question all earlier non-final orders and all rulings which produced the final judgment. *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 993 (6th Cir. 1999). "'A bankruptcy court's judgment determining dischargeability is a final and appealable order.'" *Cash Am. Fin. Servs., Inc. v. Fox* (*In re Fox*), 370 B.R. 104, 109 (B.A.P. 6th Cir. 2007) (quoting *Hertzel v. Educ. Credit Mgmt. Corp.* (*In re Hertzel*), 329 B.R. 221, 224-25 (B.A.P. 6th Cir. 2005)).

"The bankruptcy court's order regarding nondischargeability is a mixed question of law and fact." *Van Aken v. Van Aken* (*In re Van Aken*), 320 B.R. 620, 622 (B.A.P. 6th Cir. 2005) (citation

4

omitted). The appellate court reviews conclusions of law de novo but must review the underlying factual determinations under a clearly erroneous standard. *Id.* Under a *de novo* standard of review, the appellate court must "'review questions of law independent of the bankruptcy court's determination.'" *Bailey v. Bailey* (*In re Bailey*), 254 B.R. 901, 903 (B.A.P. 6th Cir. 2000) (quoting *First Union Mortgage Corp. v. Eubanks* (*In re Eubanks*), 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998)). "A finding of fact is clearly erroneous 'when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd.*)*,* 486 F.3d 940, 944 (6th Cir. 2007) (citations omitted).

The denial of a motion to amend a judgment is reviewed for abuse of discretion. *Hamerly v. Fifth Third Mortgage Co.* (*In re J&M Salupo Develop. Co.*), 388 B.R. 796, 800 (B.A.P. 6th Cir. 2008). "'Under this standard [of review], the district court's decision and decision-making process need only be reasonable.'" *Id*. (quoting *Pequeno v. Schmidt* (*In re Pequeno*), 240 Fed. App'x 634, 636 (5th Cir. 2007)). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Volvo Commercial Fin. LLC the Americas v. Gasel Transp. Lines, Inc.* (*In re Gasel Transp. Lines, Inc.*), 326 B.R. 683, 685 (B.A.P. 6th Cir. 2005) (citing *Schmidt v. Boggs* (*In re Boggs*), 246 B.R. 265, 267) (B.A.P. 6th Cir. 2000)).

## III. FACTS

On June 7, 2001, Nicole Phillips accused Randy Weissert of rape. On June 19, 2002, Weissert was arrested. Following a two-day trial on January 22-23, 2003, Weissert was acquitted.

On April 20, 2007, Weissert filed a civil complaint against Mrs. Phillips and her husband for abuse of process, intentional infliction of emotional distress, civil conspiracy, and concert of action. Mr. and Mrs. Phillips were properly served but failed to respond to the state court complaint. On July 6, 2007, the state court entered a default against them.

On August 6, 2007, the state court held a hearing on damages. Mr. and Mrs. Phillips participated in this hearing. On August 22, 2007, the state court entered a judgment on damages *as per a default* against both Mr. and Mrs. Phillips. Neither Mr. nor Mrs. Phillips moved to set aside the state court judgments or filed an appeal.

On October 8, 2007, Mr. and Mrs. Phillips filed a joint chapter 7 bankruptcy petition. On December 27, 2007, Weissert filed an adversary proceeding seeking a determination that the debts reflected in the state court judgments arose from a willful and malicious injury and were non-dischargeable under 11 U.S.C. § 523(a)(6).

On August 18, 2008, debtors filed a motion for partial summary judgment seeking a determination that the state court judgments had no preclusive effect. On October 26, 2008, noting the participation of both Mr. and Mrs. Phillips in the damages hearing in the state court proceedings, the bankruptcy court entered an order finding that the state court judgments were preclusive as to the existence and amount of Weissert's claim in the bankruptcy case.

However, the bankruptcy court concluded that the issue of whether the conduct of each debtor that gave rise to the state court judgments was willful and malicious and, therefore, nondischargeable under 11 U.S.C. § 523(a)(6), had not been "actually litigated." The bankruptcy court scheduled a trial on whether debtors' conduct was willful and malicious within the meaning of 11 U.S.C. § 523(a)(6).

The bankruptcy court conducted the trial on February 23-25, 2009. Following the trial, the bankruptcy court held that Mrs. Phillips' debt to Weissert was nondischargeable. The court concluded that Mrs. Phillips' allegations of rape were false and amounted to willful and malicious conduct under 11 U.S.C. § 523(a)(6). The bankruptcy court also held that Mr. Phillips' debt to Weissert was dischargeable. The bankruptcy court entered a judgment on March 26, 2009. Debtors filed a motion to amend the bankruptcy court's findings of fact and conclusions of law. The bankruptcy court denied debtors' motion on May 20, 2009.

Mr. and Mrs. Phillips filed a timely notice of appeal on May 29, 2009. On June 12, 2009, Weissert filed an untimely cross appeal, which was ultimately dismissed. In addition, this Panel has found that Mr. Phillips has no standing to appeal the bankruptcy court's orders.

## IV. DISCUSSION

### A. Nondischargeability under 11 U.S.C. § 523(a)(6)

Pursuant to 11 U.S.C. § 523(a)(6) of the Bankruptcy Code, any debt determined to be "for willful and malicious injury by the debtor to another entity or to the property of another entity" is excepted from discharge. To except a debt from discharge under § 523(a)(6), the alleged injury must be both willful and malicious. *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 463 (6th Cir. 1999). For a debt to be held willful and malicious as contemplated by § 523(a)(6), the act at issue must be done with the actual intent to cause injury. *Id*. at 464. The requisite intent is present when the debtor "'desires to cause [the] consequences of his act, or . . . believes that the consequences are substantially certain to result from it.'" *Id*. (citation omitted). Section 523(a)(6) requires a debtor to commit an act akin to an intentional, rather than negligent or reckless tort. *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977 (1998).

An act is "malicious" if it is undertaken "in conscious disregard of one's duties or without just cause or excuse." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986). "Malicious" acts do "not require ill-will or specific intent to do harm." *Id*. The party seeking to deny debtor a discharge bears the burden of proving both requirements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991).

In reviewing the bankruptcy court's determination that the conduct of Appellant Mrs. Phillips was willful and malicious for purposes of 11 U.S.C. § 523(a)(6), the appellate court applies the clearly erroneous standard. Under the clearly erroneous standard, the Panel must give deference to the bankruptcy court as the finder of fact. *Sicherman v. Diamoncut, Inc.* (*In re Sol Bergman*

*Estate Jewelers, Inc.*), 225 B.R. 896, 904 (B.A.P. 6th Cir. 1998). The bankruptcy court is in the best position to assess the testimony and credibility of witnesses. *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288, 297 (B.A.P. 6th Cir. 2008). The Supreme Court has explained the clearly erroneous standard as follows:

> If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1165-66 (6th Cir. 1996) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-75, 105 S. Ct. 1504, 1511-12 (1985)). "Such deference to the trial court is necessary because the trial judge is in the best position to determine the credibility of witnesses." *Id.* at 1166 (citation omitted).

The record in the bankruptcy court supports that court's conclusion that the conduct of Appellant Mrs. Phillips in pursuing a rape charge against Weissert, constitutes willful and malicious conduct under § 523(a)(6). In this case, the bankruptcy court held a trial over a two and a half day period of time. At trial, Mr. and Mrs. Phillips and Weissert testified. The court also heard testimony from four non-party witnesses.[1] "[B]ased on the record presented, observing [the] demeanor [of the witnesses], attempting to reconcile inconsistencies, and drawing reasonable inferences," the bankruptcy court held that it was more likely than not that a rape did *not* occur. As a result, the bankruptcy court held that Mrs. Phillips "willfully and maliciously injured [Weissert] by causing him to be wrongly prosecuted and incarcerated through her false allegations of rape." However, the bankruptcy court concluded that there was "no evidence linking [Mr. Phillips] to the false accusation of rape, or that he colluded with Nicole to abuse the legal process." After trial, the

---

[1]The witnesses included: (1) a friend of Weissert (Bonnie Jones); (2) Weissert's mother (Gail Weissert); (3) a nurse from the Grand Rapids YWCA rape crisis center (Sue Shattuck); and (4) a County Sheriff's Deputy (Brian Grill).

bankruptcy court held that the debt reflected in the state court judgments was nondischargeable as to Mrs. Phillips and dischargeable as to Mr. Phillips.

On appeal, Appellant Mrs. Phillips argues that the evidence she presented during the trial corroborates her allegation that she was raped by Weissert. The bankruptcy court, after hearing all of the testimony and carefully considering the evidence, determined otherwise. Such alternative interpretations or differing views of the evidence, do not constitute clear error. *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d at 1166 ("Where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous."); *Lyon v. Eiseman* (*In re Forbes*), 372 B.R. 321, 334 (B.A.P. 6th Cir. 2007) ("When differing views of the evidence are possible, the bankruptcy court's findings cannot be clearly erroneous."). "The clearly erroneous standard does not permit this Panel to substitute its assessments of credibility in place of the explicit findings made by the bankruptcy court." *In re Forbes,* 372 B.R. at 334. As long as the bankruptcy court's findings are "reasonable and supported by the evidence," the Panel may not overturn them. *Id.* (quoting *In re S. Indus. Banking Corp. v. Foster* (*In re S. Indus. Banking Corp.*), 809 F.2d 329, 331 (6th Cir. 1987)). In this case, the bankruptcy court's findings of fact and conclusions of law provide a detailed and thorough analysis of each witnesses' testimony and the evidence presented at trial. The evidence supports the findings made on the issue of nondischargeability. Therefore, the bankruptcy court's findings as to the willful and malicious conduct of Appellant Mrs. Phillips are not clearly erroneous, and are affirmed.

### B. The Doctrine of Collateral Estoppel

The Panel now turns to the bankruptcy court's determination that the state court judgment precluded relitigation of Appellant Mrs. Phillips' damages and liability to Appellee Weissert and of the amount of Weissert's claim; but did not preclude the litigation of the issue of nondischargeability under § 523(a)(6). The doctrine of collateral estoppel applies in bankruptcy proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n.11, 111 S. Ct. 654, 658 n.11 (1991). Even though Congress intended the bankruptcy court to determine the issue of whether a debt is dischargeable, Congress does not

require the bankruptcy court to redetermine all the underlying facts. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981). "Where a state court determines factual questions using the same standards as the bankruptcy court would use, collateral estoppel should be applied to promote judicial economy by encouraging the parties to present their strongest arguments." *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir. 1987) (citing *Spilman v. Harley*, 656 F.2d at 228).

The doctrine of collateral estoppel prevents an issue from being relitigated where the issue of fact or law was actually litigated and necessarily decided in a prior action between the same parties. *In re Markowitz*, 190 F.3d at 461 (citation omitted). The bankruptcy court must give a state court judgment the same preclusive effect that judgment would have in state court unless the Full Faith and Credit Statute, 28 U.S.C. § 1738, provides an exception. *Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997). In this case, the state court judgment was rendered by a Michigan state court. Therefore, this Panel must give the judgment the same preclusive effect that any Michigan state court would give that judgment.

> Under Michigan law, collateral estoppel applies when:
>
> 1) there is identity of parties across the proceedings,
>
> 2) there was a valid, final judgment in the first proceeding,
>
> 3) the same issue was actually litigated and necessarily determined in the first proceeding, and
> 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Hinchman v. Moore,* 312 F.3d 198, 202 (6th Cir. 2002) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001)) (citing *People v. Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990)).

In the present appeal, the state court judgment entered against Appellant Mrs. Phillips, on the issue of damages and liability satisfies all four elements required to give a state court judgment preclusive effect. It is undisputed that there is identity of parties across the proceedings; that there was a valid, final judgment *on damages as per a default* finding Appellant Mrs. Phillips liable in the

10

amount of $71,962.75; the issue of damages was actually litigated in the state court at a hearing solely on the issue of damages; and Mrs. Phillips appeared at the hearing on damages and had a full and fair opportunity to litigate that issue. The bankruptcy court determined that the state court proceedings satisfied the four requirements of collateral estoppel with respect to the issues of damages and liability. The Panel concludes that the bankruptcy court did not err in giving the state court judgment preclusive effect on damages and liability.

The Panel further concludes that the bankruptcy court did not err in its holding that it could not give preclusive effect to the state court judgment on the issue of nondischargeability, because the issue of whether the conduct of Appellant Mrs. Phillips was willful and malicious was not "actually litigated" in the state court.

Under Michigan law, an issue is "actually litigated" if it is "put into issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined." *Latimer v. William Mueller & Son, Inc.*, 386 N.W.2d 618, 627 (Mich. App. 1986). Although courts are divided on the issue of whether a state court default judgment should be given collateral estoppel effect, the Panel is persuaded by Michigan courts that have held that preclusive effect should be given only where there is sufficient participation by the parties to meet the actually litigated requirement. *See, e.g., Bldg. Comm., Inc. v. Rahaim* (*In re Rahaim*), 324 B.R. 29, 37-38 (Bankr. E.D. Mich. 2005) (defendant answered complaint and participated in the state court action providing sufficient participation to give a state court default judgment, which was entered for failure to appear at a pretrial conference, preclusive effect); *Wellinger v. Borton* (*In re Wellinger*), 371 B.R. 249, 253 (E.D. Mich. 2007) (holding that where former judgment entered by default, issue is "actually litigated" only if defaulting party also had "substantial participation" in the litigation); *Robinson v. Callender* (*In re Callender*), 212 B.R. 276, 280 (Bankr. W.D. Mich. 1997) (defaulting party actually litigated previous action by filing an answer and substantially participating in the defense of underlying state court action right up until eve of trial); *Vogel v. Kalita* (*In re Kalita*), 202 B.R. 889, 913 (Bankr. W.D. Mich. 1996) (default judgment entered after filing of answer contesting material facts is entitled to collateral estoppel effect); *Wood v. Dealers Fin. Servs., Inc.* (*In re Dealers Fin.*

11

*Servs., Inc.*), 199 B.R. 25, 29 (E.D. Mich. 1996) (court held plaintiff failed to satisfy the actually litigated requirement where there was absolutely no evidence of any actual litigation in support of the underlying nondischargeability issues); *Montgomery v. Kurtz* (*In re Kurtz*), 170 B.R. 596, 601 (Bankr. E.D. Mich. 1994) (The term "'actually litigated' means something more than a mere opportunity to litigate. If any default judgment *per se* can satisfy the 'actually litigated' requirement, then it would appear that every case would meet the 'actually litigated' standard.").

Applying these principles to the pending appeal, the Panel concludes that there is nothing in the record to show that any determination or findings were made in the state court action on any of the elements that are essential to a finding of nondischargeability under § 523(a)(6). As summarized by the bankruptcy court and undisputed by the parties, Appellants, Mr. and Mrs. Phillips were served with the state court complaint. As a result of their failure to answer, the state court entered a default against Mr. and Mrs. Phillips. The state court subsequently held a hearing solely on the issue of damages. After the hearing, a state court judgment was entered against both Mr. and Mrs. Phillips in the amount of $71,962.75, and the judgment specifically states that it is a judgment *on damages per a default*. Upon a review of this record, the bankruptcy court found that

> the tort issues were never joined and [Weissert's] allegations were never in dispute. Consequently, in rendering its judgment, the state court did not resolve the issues, and the issues involving defendants' alleged tortious conduct was not actually litigated. The state court just assumed the truth of these allegations for the purpose of rendering the judgment.

Therefore, the bankruptcy court held that the state court judgment was not entitled to preclusive effect on the issue of nondischargeability.

Reviewing the issue of whether the state court judgment should be given preclusive effect on the issue of nondischargeability under a de novo standard of review, the Panel finds that the issue of whether Appellants' conduct was willful and malicious was not actually litigated in the state court. Appellants never filed an answer or in any way participated in the case prior to the entry of the

judgment against them. In bankruptcy, the presumption is in favor of discharge and the party objecting to discharge has the burden of proof on every element of a nondischargeable cause of action. *See XL/Datacomp, Inc. v. Wilson* (*In re Omegas Group, Inc.*), 16 F.3d 1443, 1452 (6th Cir. 1994) ("[T]he bankruptcy court must construe all exceptions to discharge 'strictly,' with the benefit of any doubt going to the debtor."). If the state court record consists solely of a complaint and default judgment, it is virtually impossible for a bankruptcy court to make the findings of fact necessary to support a judgment of nondischargeability. Given the lack of evidence in the state court record as to the intentional tort issues which determine whether the debt is excepted from discharge, the bankruptcy court did not err in holding that the state court judgment was not entitled to preclusive effect on the issue of nondischargeability.

## V. CONCLUSION

The bankruptcy court's holding after trial that the debt reflected in the state court judgment arose from the willful and malicious conduct of Appellant Mrs. Phillips, and is therefore nondischargeable under 11 U.S.C. § 523(a)(6), is AFFIRMED. The bankruptcy court's ruling that the state court judgment is preclusive on the issues of damages and liability; but not preclusive on the issue of nondischargeability, is also AFFIRMED. Additionally, the Panel concludes that the bankruptcy court did not abuse its discretion in denying the motion to amend the findings of fact and conclusions of law.

**STEVEN RHODES**, Bankruptcy Appellate Panel Judge, concurring. I join in the Panel's affirmance of the bankruptcy court's judgment. The bankruptcy court's findings in support of its judgment for the plaintiff were certainly not clearly erroneous.

I write separately, however, because I disagree with the majority opinion's conclusion regarding collateral estoppel. In my view, the bankruptcy court erred in granting Mrs. Phillips' motion for summary judgment on the issue of whether the state court judgment was preclusive as to the factual findings required for a determination of nondischargeability. Under Michigan law, it

clearly was. Accordingly, the trial, as well as this Panel's review of the bankruptcy court's findings that resulted from that trial, were both unnecessary and inappropriate. I further conclude that the Panel should affirm the judgment on that basis alone.

## I.

In ruling on Mrs. Phillips' motion for summary judgment, the bankruptcy court held that the state court judgment precluded Mrs. Phillips from relitigating her liability and the amount of the judgment. Accordingly, it denied that part of Mrs. Phillips' motion. It also held, however, that the judgment did not preclude Mrs. Phillips from relitigating whether the debt was for a willful and malicious injury. Accordingly, it granted that part of the motion. Following a trial on that issue, the bankruptcy court found that Mrs. Phillips' debt to Weissert was for a willful and malicious injury and therefore entered a judgment of nondischargeability.

In this appeal, Mrs. Phillips contends that the judgment should be reversed on the grounds that the bankruptcy court's findings were clearly erroneous. In response, Weissert argues that the bankruptcy court erred in holding that the state court judgment did not preclude Mrs. Phillips from relitigating the issue of dischargeability. Weissert is fully entitled to make that argument without filing a cross-appeal. In *Morley Const. Co. v. Maryland Cas. Co.*, 300 U.S. 185, 191, 57 S. Ct. 325, 327-28 (1937), the Supreme Court explained:

> Without a cross-appeal, an appellee may 'urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.' *United States v. American Railway Express Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 564, 68 L.Ed. 1087. What he may not do in the absence of a cross-appeal is to 'attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.' Ibid. The rule is inveterate and certain.

*Id.* (citations omitted). See also *Nw. Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355, 364, 114 S. Ct. 855, 862 (1994) ("A prevailing party need not cross-petition to defend a judgment on any ground properly raised below, so long as that party seeks to preserve, and not to change, the judgment. See, e.g., *Thigpen v. Roberts*, 468 U.S. 27, 29-30, 104 S. Ct. 2916, 2918, 82 L.Ed.2d 23 (1984). A cross-petition is required, however, when the respondent seeks to alter the judgment below."); *Pace Int'l Union, AFL-CIO, CLC v. Vacumet Paper Metalizing Corp.*, 91 Fed. App'x 380, 382, 2004 WL 68519, 1 (6th Cir. 2004) ("Because [appellee's] statute-of-limitations argument provides an alternative ground to sustain the district court's judgment, however, [appellee] may make the argument on appeal without filing a cross-appeal. *See United States v. Neal*, 93 F.3d 219, 224 (6th Cir. 1996).").

Equally important, the Panel may rely on any grounds presented in the bankruptcy court and argued by the parties to affirm the judgment. *Montedonico v. Beckham* (*In re Beckham*), 421 B.R. 602, 2009 WL 1726526, *7 (B.A.P. 6th Cir. 2009) (Table) ("[T]he bankruptcy court's decision . . . may be affirmed on any grounds supported by the record.); *Besing v. Hawthorne* (*In re Besing*), 981 F.2d 1488, 1494 (5th Cir. 1993).

The Sixth Circuit has held in several cases that it has the jurisdiction to review a ruling on a motion for summary judgment, when, as here, the motion presents a purely legal issue. *McPherson v. Kelsey,* 125 F.3d 989, 995 (6th Cir. 1997); *United States ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.*, 400 F.3d 428, 441 (6th Cir. 2005); *Paschal v. Flagstar Bank*, 295 F.3d 565, 572 (6th Cir. 2002); *Barber v. Louisville & Jefferson County Metro. Sewer Dist.,* 295 Fed. App'x 786, 789 (6th Cir. 2008); *Shohadaee v. Metro. Gov't of Nashville & Davidson County,* 150 Fed. App'x 402, 403 (6th Cir. 2005).

Accordingly, I conclude that the Panel has the authority and discretion to consider whether to affirm the bankruptcy court's judgment on the grounds of collateral estoppel. The parties fully

argued this issue in the bankruptcy court. The bankruptcy court ruled on it. Weissert argued the issue in his brief in this appeal.[1] Both parties addressed the issue during oral argument.

I further conclude that the Panel should have exercised its discretion to resolve this appeal based on the collateral estoppel issue rather than based on a review of the trial. The issue of whether a default judgment is entitled to collateral estoppel effect has seriously divided the bankruptcy courts in Michigan. In *Montgomery v. Kurtz* (*In re Kurtz*), 170 B.R. 596 (Bankr. E.D. Mich. 1994), the court observed, "[t]here has been great controversy concerning whether collateral estoppel bars the relitigation of issues, previously determined pursuant to a state court *default* judgment, necessary to support nondischargeability actions under § 523." *Id.* at 597 (emphasis in original). Our guidance on the issue would undoubtedly be helpful.

## II.

The doctrine of collateral estoppel applies in dischargeability proceedings. *Grogan v. Garner*, 498 U.S. 279, 285 n.11, 111 S. Ct. 654, 658 n.11 (1991); *Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315 (6th Cir. 1997). The bankruptcy court must make its own determination regarding the dischargeability of the debt, but that determination must be governed by factual findings which were actually and necessarily made by the state court. *Vogel v. Kalita* (*In re Kalita*), 202 B.R. 889, 894 (Bankr. W.D. Mich. 1996).

In reviewing a collateral estoppel issue, the bankruptcy court must give a state court judgment the same preclusive effect that judgment would have in state court, unless the Full Faith and Credit Statute, 28 U.S.C. § 1738, provides an exception. *In re Calvert*, 105 F.3d at 317. "The Sixth Circuit

---

[1] Mrs. Phillips chose not to address the merits of the collateral estoppel argument in her reply brief in this appeal. Instead, that brief asserted that the issue was dismissed from the appeal when the Panel dismissed Weissert's cross-appeal for untimeliness. That assertion must be overruled because as discussed in the text, Weissert was not required to file a cross-appeal to preserve the issue for review. *See Morley Const. Co. v. Maryland Cas. Co.*, 300 U.S. 185, 191, 57 S. Ct. 325, 327-28 (1937), and the other cases cited in the text above.

has held that no such exception exists under the circumstances of a default judgment." *Micco Constr. Co. v. Brunett* (*In re Brunett*), 394 B.R. 425, 428 (Bankr. E.D. Mich. 2008) (citing *In re Calvert*, 105 F.3d at 322) (citation omitted).

Accordingly, the question is whether the Michigan courts would give preclusive effect to the findings made in support of a default judgment under circumstances similar to the default judgment in this case. Perhaps a useful way to frame the issue is this: If, after the state court judgment against her, Mrs. Phillips had filed a declaratory judgment action against Weissert asserting that she was not liable on his claims, would the Michigan courts apply collateral estoppel to preclude her from relitigating the merits of his claims? For the reasons set forth below, I conclude that the Michigan courts would certainly preclude that attempt and that therefore so must we.

Under Michigan law, collateral estoppel applies when:

1) there is identity of parties across the proceedings,

2) there was a valid, final judgment in the first proceeding,

3) the same issue was actually litigated and necessarily determined in the first proceeding, and

4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001) (citing *People v. Gates*, 452 N.W.2d 627, 630-31 (Mich. 1990)).

In the present case, there is no question regarding the first, second and fourth elements required for collateral estoppel. First, there is identity of parties across the proceedings. Mrs. Phillips and Weissert were both parties to the state court action as well as the bankruptcy adversary proceeding to determine dischargeability.

17

Second, there was a valid, final judgment in the first proceeding. The state court entered a judgment finding Mrs. Phillips liable for $71,962.75 for her abuse of process, intentional infliction of emotional distress, civil conspiracy and concert of action.

Finally, Mrs. Phillips had a full and fair opportunity to litigate the issue. She does not dispute that she was served with the state court complaint, which gave her the opportunity to litigate the issue of her liability. In fact, she did fully litigate the amount of damages by participating in the evidentiary hearing on that issue before the state court.

The only element that is disputed is whether the default judgment finding liability was "actually litigated." In her motion for partial summary judgment, Mrs. Phillips asserted that because she did not file an answer to the state court complaint and a default judgment was entered against her, the matter was not "actually litigated."

In *Micco Const. Co. v. Brunett* (*In re Brunett*), 394 B.R. 425 (Bankr. E.D. Mich. 2008), I held that "Michigan would give collateral estoppel effect to true default judgments." *Id*. at 429. I noted, "[a]n issue is 'actually litigated' if it is 'put into issue by the pleadings, submitted to the trier of fact for determination, and is thereafter determined.'" *Id.* at 428 (quoting *Latimer v. William Mueller & Son, Inc.*, 386 N.W.2d 618, 627 (Mich. App. 1986)). Moreover, "[a]n issue may be actually litigated without a trial." *Id.* I further observed "that Michigan gives full *res judicata* effect to true default judgments." *Id.* at 429 (emphasis added) (citing *Perry & Derrick Co. v. King*, 180 N.W.2d 483, 485 (Mich. App. 1970) (Res judicata applies to default judgments entered for failure to appear, plead or otherwise defend lawsuit.)). As a result, I concluded, "[t]here is simply no reason to conclude that Michigan would treat collateral estoppel of a true default judgment any differently." *Id.*

On the other hand, *Vogel v. Kalita* (*In re Kalita*), 202 B.R. 889, 913 (Bankr. W.D. Mich. 1996), concluded that the Michigan courts would not give collateral estoppel effect to a "true" default judgment. *See also Sanford v. Stout* (*In re Sanford*), No. 2:09-cv-12218 (E.D. Mich. Dec. 23, 2009). The bankruptcy court in *Kalita* considered two Sixth Circuit cases, *Spilman v. Harley*,

18

656 F.2d 224 (6th Cir. 1981) and *Ralley Hill Prods., Inc. v. Bursack* (*In re Bursack*), 65 F.3d 51 (6th Cir. 1995).  The bankruptcy court noted that in dicta, *Spilman* stated that a default judgment would not have collateral effect on a subsequent action in bankruptcy court; and that "*Bursack* left open the question of whether a true default judgment would have preclusive effect in a subsequent bankruptcy proceeding."  *Id.* at 901 (emphasis in original).

The bankruptcy court then analyzed *Jacobson v. Miller*, 1 N.W. 1013 (Mich. 1879), and concluded that in that case, "the Michigan Supreme Court refused to apply the doctrine of collateral estoppel in a case that is somewhat analogous to a default judgment."  *Id.* at 902.  In *Jacobson*, the court held:

> [T]he execution of the lease was not denied in the former suit.  No issue was made upon it, and the defendant, by not denying it, suffered a default in respect to it which left it wholly outside the issue made and actually passed upon.  Consequently it was not and could not have been considered by the court as a point in which that suit was open to controversy.

*Kalita*, 202 B.R. at 904 (quoting *Jacobson v. Miller*, 1 N.W. at 1016.).  The *Kalita* court cited this language as evidence that the Michigan Supreme Court would not give preclusive effect to a default judgment.  The bankruptcy court stated that "because the defendants [in *Jacobson*] had not placed the validity of the lease in issue in the prior suit, there was no collateral estoppel effect in the later suit."  *Id.*

In the first suit, the plaintiff sued for rents from October 1875 through April 1877.  In that suit, Jacobson, one of the defendants, did not challenge whether the lease was valid, but appears to have argued and lost on the issue of whether he occupied the premises.  Under applicable court rules at the time, neither party provided any proofs regarding the validity of the lease.  Later, the plaintiff sued again for additional rents accrued after the first suit.  In the second suit, Jacobson sought to challenge the validity of the lease itself.  The trial court prohibited the challenge, holding that the

19

presumption that the lease was valid in the first suit prevented Jacobson from challenging the validity of the lease in the second suit. The Michigan Supreme Court reversed, holding that:

> "Various considerations, other than the actual merits, may govern a party in bringing forward ground of recovery or defense in one action which may not exist in another action upon a different demand, such as the smallness of the amount, or the value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of the litigation, and his own situation at the time. A party acting upon considerations like these ought not to be preluded from contesting in a subsequent action other demands arising out of the same transaction."

*Id*. at 1017 (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 356 (1876)).

The *Jacobson* case did not involve a default judgment. Rather, it was a case where the defendants chose not to challenge certain facts, as allowed by the court rules at that time. Because those facts were not challenged, they were not placed into issue before the court and thus were not necessary to the judgment. Accordingly, the Michigan Supreme Court found that in a later suit, the defendant was not precluded from litigating those facts for the first time. Accordingly, *Jacobson* is not authority for the conclusion reached in *Kalita* that a default judgment is not entitled to collateral estoppel effect.

I conclude that this controversy has been resolved by a subsequent decision of the Michigan Supreme Court. In *Barnes v. Jeudevine*, 718 N.W.2d 311 (Mich. 2006), the court unequivocally stated, "[a] default judgment is just as conclusive an adjudication and as binding upon the parties of whatever is essential to support the judgment as one which has been rendered following answer and contest." *Id*. at 315 (citing and quoting with approval, *Perry & Derrick Co. v. King*, 180 N.W.2d 483, 485 (Mich. App. 1970)). This is the strongest possible indication that the Michigan Supreme Court does not distinguish among judgments, whether entered by default or otherwise, in applying the preclusive effect of the collateral estoppel doctrine.

In *Barnes*, the plaintiff alleged that he was the biological father of a child that was conceived while the child's mother was married to another man and that was born four months after the

20

mother's divorce. The mother's default judgment of divorce stated that it appeared that "no children were born of this marriage and none are expected." The question presented was whether that finding precluded the mother from asserting that her ex-husband was the father and whether the plaintiff was therefore precluded from asserting paternity under the Michigan Paternity Act, Mich. Comp. Laws § 722.711, and the case law construing that Act. The question turned on whether the finding in the divorce judgment was a sufficient finding that the child was not the issue of the marriage. The court held that it was not a sufficient determination and that therefore the plaintiff lacked standing to assert paternity. In so holding, the court relied on its prior decision in *Girard v. Wagenmaker*, 470 N.W.2d 372 (Mich. 1991), which held that "in order for a biological father to establish standing under the Paternity Act, there must be a 'prior court determination that a child is born out of wedlock.'" *Barnes*, 718 N.W.2d at 314 (quoting *Girard*, 470 N.W.2d at 372). The court held that the language in the divorce judgment was simply not a prior determination that the child was born out of wedlock.

What is important here is that although the Michigan Supreme Court rejected the plaintiff's collateral estoppel argument, it did so only because the question of the child's paternity had not been determined in the prior divorce judgment. It did not reject the collateral estoppel argument because the prior divorce judgment was a default judgment. Indeed, as noted above, the court explicitly stated that a default judgment is entitled to the same preclusive effect as a judgment that follows an answer and a contest. Because the Michigan Supreme Court so held, we are bound to that holding in applying collateral estoppel in a nondischargeability action. Accordingly, it was error for the bankruptcy court to hold that because the judgment was a default judgment, collateral estoppel did not preclude Mrs. Phillips from relitigating whether her injury to Weissert was willful and malicious.

III.

Under Michigan law, "the entry of a default judgment is equivalent to an admission by the defaulting party as to all of the matters well pleaded." *Sahn v. Brisson's Estate*, 204 N.W.2d 692, 694 (Mich. App. 1972); *Lesisko v. Stafford*, 292 N.W. 376, 377 (Mich. 1940). The only matters that are not considered actually litigated are those not pled.

In this case, the bankruptcy court properly found that the judgment did have preclusive effect on the issues of liability and damages.[2] However, it did not properly apply that same preclusive effect to the determination of whether the debt was for a willful and malicious injury. The bankruptcy court should have examined the factual elements that were pled in the state court complaint to determine whether those elements establish that Weissert's injury was willful and malicious, and thus, non-dischargeable under § 523(a)(6).

The Sixth Circuit Court of Appeals has held, "[d]ebts arising out of these types of misconduct satisfy the willful and malicious injury standard: intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises." *Steier v. Best* (*In re Best*), 109 Fed. App'x 1, 4 (6th Cir. 2004).

Weissert's state court complaint includes counts for both intentional infliction of emotional distress and abuse of process (malicious prosecution). It alleges that the Phillips' statements about Weissert "were false, untrue, willful, intentional, malicious, and/or made with reckless disregard for the truth, and caused the Montcalm County Prosecuting Attorney to charge [Weissert] with the felony offense of Criminal Sexual Conduct in the Third Degree." (State Court Complaint, ¶ 24. Appellant's App. Vol. I, Tab 6). Additionally, it alleges that the Phillips' "conduct as outlined above was either intentional and/or a reckless disregard" and "was extreme, outrageous, and of such character as not to be tolerated by a civilized society." (State Court Complaint, ¶ 29, 30. Appellant's App. Vol. I, Tab 6).

Accordingly, the factual elements required to find the debt nondischargeable as a "willful and malicious injury" were submitted to the state court as trier of fact, actually litigated and necessary to the judgment. Therefore, Mrs. Phillips is now collaterally estopped from denying these elements in this adversary proceeding. The trial was unnecessary because Mrs. Phillips was precluded from

---

[2]Indeed, it is worth noting that the Michigan court that entered the default judgment itself gave preclusive effect to the default at issue. At the hearing on damages, the court did not permit Mrs. Phillips to relitigate the facts pled in the complaint to which she defaulted.

relitigating those issues.  The bankruptcy court should have found that the state court judgment was fully preclusive and should have denied Mrs. Phillips' motion for summary judgment.

Nevertheless, because Weissert was entitled to the judgment that he obtained, I concur in the Panel's affirmance.