*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*
**File No. 13b0003n.06**

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re:  SPENCER LEE MUNION, JR., | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DONNA BURGRAF, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | No. 12-8020 |
| | ) | |
| v. | ) | |
| | ) | |
| SPENCER L. MUNION, JR., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio.
Case No. 11-42621; Adv. No. 12-04024.

Submitted: November 13, 2012

Decided and Filed: January 11, 2013

Before: EMERSON, McIVOR, and PRESTON, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Michael J. McGee, HARRINGTON, HOPPE & MITCHELL, LTD., Warren, Ohio, for Appellant.  David A. Shepherd, TURNER, MAY & SHEPHERD, Warren, Ohio, for Appellee.

———————————————

**OPINION**

———————————————

**GEORGE W. EMERSON, JR.**, Bankruptcy Appellate Panel Judge. This is an appeal from the bankruptcy court's memorandum opinion and order dismissing the adversary proceeding filed by the Appellant for failing to timely file her complaint to determine the dischargeability of certain debts pursuant to 11 U.S.C. §  523(a)(2), (a)(3), (a)(4) and/or (a)(6). The bankruptcy court determined that even though the Appellant was not listed as a creditor on the Debtor's Chapter 7 schedules, she was aware of the bankruptcy case within sufficient time to object to the discharge of the debt allegedly owed her by the Debtor, but that she failed to do so. The bankruptcy court found that because Appellant's complaint was filed beyond the bar date set forth in Federal Rule of Bankruptcy Procedure 4007(c), the alleged debt owed to Appellant was discharged upon entry of the discharge order in the Debtor's case.

## I.  ISSUES ON APPEAL

The issue presented in this appeal is whether 11 U.S.C. § 523(a)(3)(B) applies to the Appellant's complaint objecting to the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(2), (4) and (6) such that the 60-day statutory time limit imposed by Federal Rule of Bankruptcy Procedure 4007(c) did not apply.

For the following reasons, the Panel affirms the bankruptcy court's memorandum opinion and order dismissing the Appellant's complaint as untimely.

## II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489

U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).  An order dismissing an adversary complaint as untimely is a final order for purposes of appeal.  *Vazquez v. Prego Cruz* (*In re Prego Cruz*), 323 B.R. 827, 829 (B.A.P. 1st Cir. 2005).

Adequacy of notice required by a statute is a mixed question of law and fact, composed as follows:  "[T]he question of whether any notice was given, and if so, what the notice consisted of and when it was given, is one of fact.  However, the question of whether the notice satisfied the statutory requirement is one of law." *K & M Joint Venture v. Smith Int'l, Inc.*, 669 F.2d 1106, 1111 (6th Cir. 1982); *accord BP Care, Inc. v. Thompson,* 398 F.3d 503, 514 n.8 (6th Cir. 2005) (A determination of whether a party had notice of a particular proceeding is a finding of fact.)

When a mixed question of law and fact arises in the bankruptcy context, the reviewing court "must break it down into its constituent parts and apply the appropriate standard of review for each part." *Bank of Montreal v. Official Comm. Of Unsecured Creditors* (*In re Am. Homepatient, Inc.*), 420 F.3d 559, 563 (6th Cir. 2005) (citations omitted).  The appellate court reviews conclusions of law *de novo* but must review the underlying factual determinations under a clearly erroneous standard.  Under a *de novo* standard of review, the appellate court must "review questions of law independent of the bankruptcy court's determination.  A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Phillips v. Weissert* (*In re Phillips*), 434 B.R. 475, 482 (B.A.P. 6th Cir. 2007) (internal citations omitted) (internal quotation marks omitted).

### III.   FACTS

On September 6, 2011, Spencer Lee Munion, Jr. (hereinafter "Debtor") filed a voluntary Chapter 7 petition for bankruptcy relief.  Debtor did not list a debt to Donna Burgraf (hereinafter "Burgraf"") on any of his Schedules.  However, on his Statement of Financial Affairs, Debtor listed a pending collections lawsuit styled "Joes Tree Removal, LLC v. Donna Burgraf, Case No. 2011 CV 01295 Trumbull County Court of Common Pleas."  The collections lawsuit included an amended counterclaim and third party complaint filed against Debtor by Burgraf.   Debtor's § 341 First Meeting of Creditors was scheduled for November 1, 2011.  The bar date for opposing Debtor's

discharge or filing an adversary complaint to determine the dischargeability of a debt was set as January 3, 2012. Fed. R. Bankr. P. 4007(c) (hereinafter the "Bar Date").

On December 9, 2011, Burgraf filed a "Motion to Extend Time to Object to Discharge," in which she sought an extension of time to file an objection to Debtor's discharge based on alleged irregularities in the Debtor's schedules which were discovered during Debtor's § 341 meeting. Burgraf also alleged that a review of the documentation from Debtor's accountant, which had yet to be delivered to the Trustee, would be necessary for Burgraf to determine whether an objection to discharge would be appropriate. Burgraf requested an extension of time up to and including February 17, 2012. The bankruptcy court did not set Burgraf's motion to extend time for a hearing. No parties filed a response to Burgraf's motion. The bankruptcy court did not enter an order extending the time to object to Debtor's discharge.

The bankruptcy court entered an Order of Discharge in Debtor's case on February 9, 2012, and docketed a Notice of Discharge, including the certificate of service, on February 11, 2012. Thereafter, on February 15, 2012, Burgraf filed a "Complaint to Determine Dischargeability of Debt/Claims," in which she asked the bankruptcy court to declare various debts nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(3), (a)(4), and (a)(6) (the "Complaint"). The Complaint also contained claims for relief based on alleged fraud as well as violations of the Ohio Consumer Sales Practices Act and Home Solicitation Sales Act, but did not specifically allege monetary damages suffered as the result of the Ohio state law claims. The prayer for relief requested a determination that the debt owed by Debtor to Burgraf, "in the amount of $25,000.00 as alleged in the state civil complaint be nondischargeable now and in any future proceeding under U.S. Bankruptcy Code." (Complaint at 7, Adv. Proc. No. 12-04024, ECF No. 1). Also on that date, Burgraf filed an unsecured proof of claim in the amount of $25,000.00 for "money owed from debtors [sic] fraudulent conduct; lawsuit pending."

Debtor timely answered the Complaint on March 6, 2012, and on April 3, 2012, filed a motion to dismiss the Complaint. Burgraf responded to the motion to dismiss. On May 3, 2012, the bankruptcy court entered its "Memorandum Opinion Regarding Dismissal of the Adversary Proceeding and Order Dismissing Adversary Proceeding." In the memorandum opinion, the bankruptcy court dismissed the adversary proceeding based on the Plaintiff's failure to "oppose the

Debtor's discharge and/or file an adversary complaint to determine the dischargeability of a debt" by the Bar Date. The bankruptcy court framed the issue before it as "whether, despite not having been raised by the Debtor, the Discharge Order encompassed all debts the Debtor had to Burgraf, thus making this adversary proceeding, which was filed after entry of the Discharge Order, a nullity." (Mem. Op. at 4, Adv. Proc. No. 12-04024, ECF No. 11).

Despite the fact that Burgraf was not listed as a creditor, the bankruptcy court determined that Burgraf was aware of the Debtor's bankruptcy case no later than December 9, 2011, when her counsel filed the motion to extend time to object to discharge. Importantly, the bankruptcy court stated, "Burgraf never obtained an order from the Court that extended the time to object to the Debtor's discharge, as requested in the Motion to Extend Time." (Mem. Op. at 2, Adv. Proc. No. 12-04024, ECF No. 11). The Court dismissed the adversary proceeding. Burgraf timely filed her notice of appeal on May 9, 2012.

## IV.   DISCUSSION

In this appeal, the bankruptcy court based its decision on the following facts: (1) Burgraf's actual knowledge of the bankruptcy case as of at least December 9, 2011, when she filed her motion to extend, (2) the running of the Bar Date for filing the Complaint on January 3, 2012, and (3) the untimely filing of the Complaint on February 15, 2012.

Section 727(b) of the Bankruptcy Code provides that, "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of this case . . . ." 11 U.S.C. § 727(b). Section 523(a)(3) of the Code provides that,

> (a) A discharge under section 727. . . of this title does not discharge an individual debtor from any debt -
>
> . . .
>
> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit -
> ...(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had

notice or actual knowledge of the case in time for such timely filing and request; . . .." 11 U.S.C. § 523(a)(3).

Federal Rule of Bankruptcy Procedure 4007(c) provides,

Except as provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later 60 days after the first date set for the meeting of creditors under § 341(a).  The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002.  On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired. Rule 4007(c).

Burgraf argues that the actual notice of the bankruptcy she had on December 9, 2011, did not provide her with sufficient time to file an adversary complaint by the Bar Date of January 3, 2012. She also argues that because she only missed the Bar Date by five and a half weeks and the bankruptcy case was still in its early stages when she filed the adversary proceeding, the Complaint should be considered timely filed.

Burgraf's argument that there is no deadline for filing an adversary proceeding under 11 U.S.C. § 523(a)(3) would only be true if, as is not the case here, the creditor did not receive notice of the bankruptcy case in time to either file a proof of claim or request a determination as to the dischargeability of the creditor's debt.  Burgraf urges the Panel to ignore the last dependent clause of § 523(a)(3)(B), which contains the language, "unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."

The Sixth Circuit Court of Appeals has consistently found that in order for a debt to be excepted from discharge under § 523(a)(3)(B), two prerequisites must be met: the debt must be of a kind specified in § 523(a)(2), (4), or (6) and the creditor must not have had notice or actual knowledge of the case in time to file a proof of claim and request for a determination of dischargeability.[1]

In *United States v. Westley*, the Sixth Circuit clarified the two requirements of § 523(a)(3)(B), stating:

---

[1] For ease of reference, the Sixth Circuit has called debts excepted from discharge under 11 U.S.C. § 523(a)(2), (4) and (6) as "fraudulently incurred debts." *United States v. Westley*, 7 F. Appx 393, 404 (6th Cir. 2001).

We recognize that there is a danger in converting the "exception to the exception" language of section 523 into a simple statement of what that language affirmatively provides, but we are willing to take the risk. With regard to fraudulently incurred debts, section 523 provides that even unlisted fraudulently incurred debts will be discharged if the creditor obtains notice or actual knowledge of the bankruptcy in time to file a proof of claim and a request for determination of dischargeability.

7 F. App'x 393, 405 (6th Cir. 2001) (citations omitted).

Later ruling on the same issue, the Sixth Circuit Court of Appeals explained that only "[a]n unscheduled creditor *who did not have knowledge of the bankruptcy* allowing her to timely file a complaint under § 523(a)(2), (4), or (6), however, is saved by § 523(a)(3)(B)." *Kowalski v. Romano* (*In re Romano*), 59 F.App'x 709, 712 n. 3 (6th Cir. 2003) (emphasis added). Under these circumstances, the Sixth Circuit found that a complaint under § 523(a)(3)(A) and (B) could be brought at any time. These are not the circumstances in the case currently on appeal because Burgraf in fact had actual knowledge of the bankruptcy case. The *Romano* Court went on to state, again, that in order to be excepted from discharge, a creditor must show that her claim falls under § 523(a)(2),(4), or (6), *and* that she could not file a timely proof of claim or a timely request for a determination of dischargeability under § 523(a)(2),(4), or (6). *Id.* at 713 (emphasis added).

Here, the bankruptcy court never made the determination that Burgraf's claims were of the kind specified in § 523(a)(2),(4), or (6). Instead, it simply relied on the language of the complaint which asserted that it was a "complaint to determine the dischargeability of various debts under 11 U.S.C. § 523(a)(3), 523(a)(2), and/or 523(a)(4) and/or § 523(a)(6)" (Compl. at 2, Adv. Proc. No. 12-04024; ECF No. 1). Failing to make such determination is not fatal to the bankruptcy court's analysis, however, because the court found that even if the unlisted debts were fraudulently incurred such that § 523(a)(3)(B) applied, Burgraf had actual knowledge of the bankruptcy case within sufficient time to file the complaint by the Bar Date and did not. The "exception to the exception" as the *Romano* court put it, applies to Burgraf's debt. As such, the debt was discharged under § 523(c)(1) which provides,

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6) as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1).

A review of the entire record and the applicable law demonstrates that the bankruptcy court did not err in finding that Burgraf had actual knowledge of the Bar Date within sufficient time to object to the discharge of the debt owed to her by Debtor and that her Complaint should be dismissed as untimely.

## V.   CONCLUSION

For the foregoing reasons, the panel affirms the bankruptcy court's May 3, 2012 Memorandum Opinion and Order dismissing the adversary proceeding as untimely.